Caree Harper SBN 219048
LAW OFFICES OF CAREE HARPER
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
Tel.:   (213) 386-5078
Email: ch1@attorneyharper.com

Attorneys for Plaintiffs: **JACY HOUSETON and DAMON BARNES**

# UNITED STATES DISTRICT COURT
# IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JACY HOUSETON and DAMON BARNES,**<br><br>Plaintiffs,<br><br>vs.<br><br>**COUNTY OF LOS ANGELES, SHERIFF ROBERT LUNA, DEP. TREVOR KIRK, WINCO FOODS, LLC**, a Delaware limited liability company, and **WINCO HOLDINGS, INC.**, an Idaho corporation, individually & in their official capacities & **DOES 1-10** inclusive,<br><br>Defendants. | Case No.: 23-CV-06887<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **CIVIL RIGHTS VIOLATIONS** (Excessive Force /False Arrest)<br>2. *MONELL* **ALLEGATIONS**<br>3. **BATTERY**<br>4. **NEGLIGENCE**<br>5. *BANE* **CIVIL RIGHTS ACT**<br>6. **TORTS-IN-ESSENCE** |

///

///

///

Plaintiffs allege:

## INTRODUCTION.

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various civil rights under the United States Constitution and state law in connection with the unconstitutional use force on the **PLAINTIFFS.**

## PARTIES

2. **JACY HOUSETON,** at all relevant times is a Black female and resident of the County of Los Angeles, California and a senior citizen.

3. **DAMON BARNES,** at all relevant times is a Black male and resident of Los Angeles County, California and a senior citizen.

4. Defendant **TREVOR KIRK,** at all relevant times is a White male and a sworn peace officer who was acting under color of law within the course and scope of his duties as a peace officer at the **LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter "LASD")**

5. Defendant, **DOE DEFENDANT 1**, is a White or Latino Sheriff's deputy, a sworn peace officer, who falsely arrested Mr. **BARNES** and threw him to the ground while he was cooperative and in handcuffs and who failed to intervene in the excessive use of force against Ms. **HOUSETON.**

6. Defendant, **DOE 2**, is a White or Latino security guard employed at **WINCO** on the date of the incident who followed, bumped and blocked Ms. **HOUSETON** while she was walking through the store on videotape which **WINCO** refused to release, selecting instead to release a snippet of footage purportedly more favorable to their security guard.

7. Defendant, **WINCO FOODS, LLC**, is a Delaware limited liability company, and **WINCO HOLDINGS, INC.**, is an Idaho corporation (hereinafter **"WINCO"**). Plaintiffs believe and assert that: WinCo Holdings, Inc. does not have a parent corporation; 90 percent of WinCo Foods, LLC is owned by WinCo

Holdings, Inc., an Idaho corporation and the remainder of WinCo Foods, LLC is owned by current and former WinCo employees and other investors. **WINCO** is sued herein under the theory of *respondeat superior* for the actions of their employees who were acting within the scope of their duties when they weaponized the Sheriffs' Department by falsely reporting that a robbery and / or theft was in progress or had just occurred.

8. Defendant, **LOS ANGELES SHERIFF ROBERT LUNA**, at all relevant times, is a sworn police officer, supervisor and policymaker at the Los Angeles Sheriff Department.

9. At all relevant times, Defendant **COUNTY OF LOS ANGELES ("COUNTY")** is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, **"COUNTY"** is the employer of Defendants and DOES who are peace officers, and DOES 1-10 (except DOE 2) who were police officer and supervisorial officers, and who were managerial, supervisorial, and policymaking employees of the **"COUNTY"** sheriff department.

10. At all relevant times, Defendants and **DOES 1**, and **3-10** were duly appointed officers and/or employees or agents of the **"COUNTY"**, subject to oversight and supervision by **"COUNTY's"** elected and non- elected officials. In doing the acts and failing and omitting to act as hereinafter described, Defendants were acting on the implied and actual permission and consent of **"COUNTY"**. At all times mentioned herein, each and every **"COUNTY"** defendant was the agent of each and every other **"COUNTY"** defendant had the legal duty to oversee and supervise the hiring, conduct and employment of each and every **"COUNTY"** defendant.

11 The true names of defendants DOES 1 - 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and

capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

12. In July 2023, Plaintiffs filed comprehensive and timely claims for damages with the **"COUNTY"** pursuant to applicable sections of the California Government Code.

## JURISDICTION AND VENUE

13. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

///
///
///

# PREVIOUS ALLEGATIONS

15. **LASD:**

The Los Angeles County Sheriff's Department has had a history of excessive force and suppressing evidence of excessive force and police misconduct, especially with prior Sheriff Villanueva. Recently, the LASD has come under fire for their repeated use of punches on passive, non-resistant people of color even unarmed Black *women*. It's as though these batterers in uniform do not see Black women as their mothers, sisters, wives or even as human when they mercilessly and violently ***throw a senior citizen to the ground*** and/ or ***strike a young mother in the face with closed fists as she cradles a newborn***[1]. In what world is this okay? Apparently in the land of Lancaster because these deputies are still employed, and still emboldened as though they have definitely struck before.

**WinCo:**

In recent litigation, Defendant WINCO has been accused of falsely alleging that minorities stole from them and then refusing, as in the instant case, to show exculpatory videotape in their possession[2]. In the case that recently settled, the Plaintiffs there alleged in pertinent part that:

> Winco falsely accused Plaintiff and three other minority employees (Kewan Daniels, Brett Camerana, and Antwan (last name unknown)) of stealing food. The allegation was not true, and at all times Plaintiff very specifically denied the allegation of theft or stealing and in fact ***told WinCo to check their own videotapes*** to see that the allegation was false. Nonetheless, WinCo suspended Plaintiff for a purported "investigation" in May of 2015, then fired Plaintiff on June 27, 2015 due to false allegation of stealing food from WinCo Foods. Not coincidentally, all four employees fired for alleged stealing — opening containers and eating the food — are all minorities, two African-American and two Hispanic. Also, it is no coincidence that the four

---

[1] *Yeayo Russell v. County of Los Angeles*, Case 2:23-cv-05979-FMO-SK [Doc 1] Filed 07/24/23 "While MS. RUSSELL continued to hold and protect her newborn child, DEFENDANT DEPUTY 1 punched her two times in the face causing her great pain….***The DEFENDANTS then prevented MS. RUSSELL'S sister from recording this horrific scene on her cellular device***."

[2] *Steven V. Mendoza v. WinCo Holdings, Inc.* Case # 20-cv-01371-JGB-KK

5

HOUSETON / BARNES COMPLAINT FOR DAMAGES

minority employees targeted and fired on the false allegation all worked the night shift, which was comprised primarily of minority employees. Winco exhibited a pattern of favoritism towards white employees and disfavor towards minority employees. White employees were working the day shift, minority employees the night shift. White employees were promoted and became managers and supervisors, with a raise, while minority employees continued working the less favorable hours if they escaped false allegations of misconduct and were terminated. Minority employees were falsely accused of wrongdoing and fired, **_where video evidence should have proven their innocence but was never shown to them_**. This showed a pattern and practice by Winco of discriminatory treatment of minority employees, including but not limited to Kewan Daniels, Antwan, Brett Camerana, and Plaintiff.

## STATEMENT OF FACTS

16.     On June 24, 2023, Jacy HOUSETON and Damon BARNES entered the WinCo shopping market in Lancaster where they purchased items separately. Mr. BARNES left the store and ate the dessert item he purchased in the parking lot. Mr. BARNES returned and met Ms. HOUSETON at the self-checkout where she purchased $60-$70 dollars in groceries.  Mr. BARNES and an employee had an exchange of unpleasantries so Ms. HOUSETON decided to return everything she purchased.  As she walked through WinCo, a security guard, **DOE 2**, followed her and bumped her in the process.  He ultimately put his foot in her path and they made contact as a result.  Ms. HOUSETON and the guard exchanged words.  Ms. HOUSETON and Mr. BARNES left the store but remained in the parking lot.  Mr. BARNES retained the receipt for the dessert items he purchased and ate and Ms. HOUSETON retained the refund receipt.  There was no robbery, and there was no shoplifting by either Plaintiff.

///

///

///

The next sequence of events differ depending on the source:

-Defendant Sheriff LUNA would later say in a press conference that the LASD received a "report of an assault on a security officer".

-Initial media reports cited a source at the LASD as saying, "Investigators say that deputies came here when store security called 911 reporting ***a robbery***, they say they approached a man and woman who matched suspects descriptions"[3].

In a video that went viral, Deputy KIRK can be seen violently throwing down Plaintiff HOUSETON who was merely silently standing in the parking lot videotaping the detention of her friend Damon BARNES when Defendant KIRK suddenly grabbed her by the neck and threw her to the ground.  KIRK then then placed his knee in her neck and simultaneously pepper-sprayed her face and threatened to ***punch the senior citizen*** while she screamed in pain and struggled to breathe.  Ms. HOUSETON sustained a black-eye, a fractured bone in her arm and multiple bruises and scratches.  The chemical burns from the pepper-spray were untreated and her pain and anguish was unnecessarily exacerbated.  She requires continuing medical treatment and mental therapy to deal with the trauma.

Deputies were presented with receipts for the purchased items, after Plaintiffs were thrown down and injured.

To compound matters, Plaintiff BARNES was cited and released for 148 PC, obstruction of justice and 602 PC for trespassing and Plaintiff HOUSESTON was charged with felony obstructing an officer, 69 P.C.

The assault, battery and false arrest of the Plaintiffs was immediately defended by Defendant WINCO through their putative mouthpiece, police union defense attorney Thomas Yu, with whom they shared select surveillance footage from inside the store but refused to provide Plaintiffs' counsel the exculpatory footage showing plaintiffs paying for items but being harassed by security nonetheless.

---

[3] Kara Finnstrom, KCAL News, https://www.youtube.com/watch?v=ccbxRxXEG3c

## FIRST CLAIM FOR RELIEF
### Unreasonable Search and Seizure—Excessive Force, False Arrest, Assault & Battery
**(42 U.S.C. § 1983)** (Against KIRK & DOE 1)

17. Plaintiffs repeat and re-allege each and every allegation in the paragraphs above in this Complaint with the same force and effect as if fully set forth herein.

18. The unjustified detention, assault and battery of Plaintiffs deprived them of their rights to be secure in their persons against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

19. The unreasonable use of force by all Defendant OFFICERS (excluding Sheriff LUNA) deprived the PLAINTIFFS of their right to be secure in their persons against unreasonable searches and seizures as guaranteed to under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

20. As a result, PLAINTIFFS suffered pain, discomfort and humiliation.

21. As a result of the conduct of the Deputies (also referenced as "Officer Defendants"), they are liable for Plaintiffs injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

22. This use of force was unreasonable under the circumstances, especially since PLAINTIFFS never physically injured or attempted to physically injure the Officer Defendants, or anyone else prior to being arrested. Further, PLAINTIFFS never verbally threatened anyone and never brandished a weapon at the Officer Defendants, or anyone else, prior to being accosted.

23. Defendants' actions deprived PLAINTIFFS of their right to be free from unreasonable searches and seizures under the Fourth Amendment as applied to state actors by the Fourteenth Amendment.

24. The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS and therefore warrants the imposition of exemplary and punitive damages as to the Officer Defendants.

25. Plaintiffs also seek attorney fees under this claim.

## SECOND CLAIM FOR RELIEF
### *Monell* Allegations
### Municipal Liability for Unconstitutional Custom or Policy
### (42 U.S.C. § 1983) (Against **COUNTY & SHERIFF LUNA**)

26. Plaintiffs repeat and re-allege each and every allegation in paragraphs listed above in this Complaint with the same force and effect as if fully set forth herein.

27. Defendant Sheriff LUNA ratified policies that inherently jeopardizes the safety of minorities who seem to be disproportionately affected by excessive force.

29. As customary with the Los Angeles Sheriffs' Department, they hired and retained deputies who have demonstrated their willingness to use excessive force without a second thought.

30. For some time prior to June 24 2023 (and continuing to the present date) the Defendant COUNTY, deprived PLAINTIFFS of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that, said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and PLAINTIFFS, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as peace officers and other personnel, including

the Officer Defendants, DOES 1, 3-5 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY sheriff department's policies, including the use of excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY officers, and other personnel, including the Officer Defendants, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant the Officer Defendants, who are police officers of COUNTY;

(d) By failing to discipline COUNTY officers' conduct, including but not limited to, excessive force;

(e) By ratifying the intentional misconduct of Defendants who are peace officers in the COUNTY;

(f) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 1, 3-5 were done with a deliberate indifference to individuals' safety and rights; and

(g) By failing to properly investigate claims of unlawful detention and excessive force by deputies the LASD has a pattern and practice of using excessive or deadly force on minorities.

31. Defendants, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and

inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs, and other individuals similarly situated.

32. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, "supervisory DEFENDANTS", acted with an intentional, reckless, and callous disregard for Plaintiffs' constitutional rights. Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

33. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by the COUNTY, and "supervisory DEFENDANTS" and unknown Defendants were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiffs.

34. By reason of the aforementioned acts and omissions of Defendants DOES 1-10 (except DOE 2), Plaintiffs have suffered, and accordingly, Defendants DOES 1-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

35. By reason of the aforementioned policies and practices of Defendants, PLAINTIFFS have been injured and subjected to pain and suffering.

///
///
///

## THIRD CLAIM FOR RELIEF
### Battery
**(Cal. Govt. Code § 820 and California Common Law)**
(Against the Defendant KIRK, DOES 1 & 2)

36. Plaintiffs repeat and re-allege each and every allegation in paragraphs above in this Complaint with the same force and effect as if fully set forth herein.

37. Defendant **KIRK**, while working as police officer was acting within the course and scope of his employment with the COUNTY, intentionally threw down Plaintiff **HOUSETON and DOE 2** who intentionally threw down **Plaintiff BARNES** by shoving him into bushes without cause, thereby using unreasonable and excessive force against them. **KIRK** and DOE 2 also assaulted, battered and falsely imprisoned Plaintiffs

38. As a result of the actions of Defendant Officers actions, the plaintiffs suffered pain and humiliation. There was no legal justification for using force against PLAINTIFFS, and their use of force while carrying out their duties as officers for the COUNTY was an unreasonable and non-privileged use of force.

39. The COUNTY is vicariously liable for the wrongful acts of Defendants and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## FOURTH CLAIM FOR RELIEF
### Negligence
**(Cal. Govt. Code § 820 and California Common Law)**

40. Plaintiffs repeat and re-allege each and every allegation in paragraphs above in this Complaint with the same force and effect as if fully set forth herein.

41. The actions and inactions of the Defendants, were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest,

and use force on Plaintiffs;

    (b) the negligent tactics and handling of the situation,

    (c) the negligent detention, arrest, and use of force,

    (d) negligent infliction of emotional distress; and

    (e) the negligent handling of evidence and witnesses.

42. Specifically, SHERIFF and unknown supervisors at the LASD had a duty to instruct and institute policies and procedures and as a direct result of their failure and as a proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFFS were caused pain and suffering. Also, as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.

43. COUNTY is vicariously liable for the wrongful acts of the Officer Defendants pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## FIFTH CAUSE OF ACTION

(Violation of the **_BANE_ Act** Cal. Civil Code § 52.1)

(By All Plaintiffs against KIRK and DOE 1)

44. Plaintiffs repeat and re-allege each and every allegation in paragraphs above this Complaint with the same force and effect as if fully set forth herein.

45. California Civil Code, Section 52.1 (the *Bane* Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

46. Plaintiffs had a right to be free from unreasonable searches and seizures, and excessive force. On information and belief, Defendant KIRK and DOE OFFICERS, inclusive, while working for the COUNTY and acting within the

course and scope of their duties, intentionally committed and attempted to commit acts of violence against them by integrally participating in the above-listed activity. Defendant KIRK specifically prevented Ms. HOUSETON from exercising her First Amendment rights and even punished her for it; additionally KIRK prevented Ms. HOUSETON from defending the life of another with the only weapon she had available: a cellular phone to record the police misconduct.

47. The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

48. COUNTY is vicariously liable for the wrongful acts of Defendants and DOE OFFICERS, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

49. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for PLAINTIFFS's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to the individual responding Defendants and DOE OFFICERS.

50. Plaintiffs seek attorneys' fees.

///
///
///

## SIXTH CAUSE OF ACTION
## "TORTS-IN-ESSENCE"
### (Against Individual Defendant KIRK & DOE 1)

51.    Plaintiffs restate and incorporate by reference, as though fully set forth herein, the allegations contained in all paragraphs above. Pursuant to CA Gov. Code Section 815.6, which creates a private right of action for the alleged breaches of the various penal code sections listed in this Complaint, the officers Defendants and each of them, owed to Plaintiffs non-consensual duties, and Plaintiffs hereby set forth that the individual Officer Defendants violated the following California Penal Code Sections: §149: felonious excessive force by a peace officer (KIRK and Does 1-10 only), §240: assault (KIRK and Does 1-10 only), §242 (KIRK and Does 1-10 only) §182, conspiracy, (All DEFENDANTS except Sheriff LUNA) §136.1, witness tampering, (KIRK) §148.3 PC falsely reporting an emergency is defined as "Anybody who reports, or causes a report to be made, to a city, county, or state department, district, agency, division, commission, or board, that an emergency exists, knowing that the report is false, is guilty of a misdemeanor crime (DOE 2.)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray, and request entry of judgment in their favor and against Defendants, as follows:

52.    For compensatory damages, in the amount to be proven at trial;

53.    For punitive damages against the individual defendants in an amount to be proven at trial;

54.    For interest;

55.    For reasonable costs of this suit and attorneys' fees; and

///

///

///

56. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: 8/22/23                     LAW OFFICES OF CAREE HARPER

/S/ Caree Harper

---
Caree Harper
Attorneys for PLAINTIFFS

**DEMAND FOR JURY TRIAL**

All Plaintiffs demand a jury trial.

DATED: 8/22/23                     LAW OFFICES OF CAREE HARPER

/S/ Caree Harper

---
Caree Harper
Attorneys for PLAINTIFFS