**Rickey Ivie, Esq. (SBN 76864)**
**rivie@imwlaw.com**
**Angela M. Powell, Esq. (SBN 191876)**
**apowell@imwlaw.com**
**Marina Samson, Esq. (SBN 315024)**
**msamson@imwlaw.com**
**IVIE McNEILL WYATT PURCELL & DIGGS**
**A Professional Law Corporation**
**444 South Flower Street, Suite 1800**
**Los Angeles, California 90071**
**Telephone:  (213) 489-0028**
**Facsimile:   (213) 489-0552**

Attorneys for Defendant **COUNTY OF LOS ANGELES**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACY HOUSETON and DAMON BARNES,<br><br>               Plaintiffs,<br><br>        vs.<br><br>COUNTY OF LOS ANGELES, SHERIFF ROBERT LUNA, DEP. TRAVOR KIRK, WINCO FOODS, LLC, a Delaware limited liability company, and WINCO HOLDINGS, INC., an Idaho corporation, individually & in their official capacities & DOES 1-10 inclusive,<br><br>               Defendants. | CASE NO.: 2:23-cv-06887-DDP-MRW<br><br>**ANSWER TO COMPLAINT FOR DAMANGES BY DEFENDANT COUNTY OF LOS ANGELES**<br><br>Judge: Hon. Dean D. Pregerson<br><br>Complaint Filed:  August 23, 2023<br>Trial Date:         None |

Defendant COUNTY OF LOS ANGELES, a government entity, ("Defendant") hereby answer Plaintiffs' ("Plaintiffs') Complaint for Damages filed

**-1-**

August 23, 2023 (hereinafter, "Complaint"). If an averment is not specifically admitted, it is hereby denied. Defendant admits, denies and alleges as follows:

## ANSWER TO PLAINTIFFS' COMPLAINT

1.      Answering paragraph 1 (under the header "Introduction"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 1, and on that basis denies the allegations.

2.      Answering paragraph 2 (under the header "Parties"), Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 1, and on that basis denies the allegations.

3.      Answering paragraph 3 (under the header "Parties"), Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 2, and on that basis denies the allegations.

4.      Answering paragraph 4 (under the header "Parties"), Defendant admits that Defendant Trevor Kirk is an employee of Defendant County of Los Angeles and the Los Angeles County Sheriff's Department.

5.      Answering paragraph 5 (under the header "Parties"), Defendant lacks sufficient information and belief upon which to answer the allegations contained in

-2-

paragraph 5, and on that basis denies the allegations.

6.       Paragraph 6 (under the header "Parties") is related to Defendant Winco Foods, LLC and Winco Holdings, Inc. ("Winco"), therefore Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 6, and on that basis deny the allegations.

7.       Paragraph 7 (under the header "Parties") is related to Defendant Winco, therefore Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 7, and on that basis deny the allegations.

8.       Answering paragraph 8 (under the header "Parties"), Defendant admits that Defendant Robert Luna is an employee of Defendant County of Los Angeles and the Los Angeles County Sheriff's Department.

9.       Answering paragraph 9 (under the header "Parties"), Defendant admits that Defendant County of Los Angeles is an incorporated public entity in the state of California and is within the territorial jurisdiction of this Court. Defendant denies that any Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiff. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 9, and on that basis denies the allegations.

-3-

10.     Answering paragraph 10 (under the header "Parties"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 10, and on that basis denies the allegations.

11.     Answering paragraph 9 (under the header "Parties"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 11, and on that basis denies the allegations.

12.     Answering paragraph 12 (under the header "Parties"), Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 12, and on that basis denies the allegations.

13.     Answering paragraph 13 (under the header "Jurisdiction and Venue"), Defendant admits that the Court may have jurisdiction over this action, but Defendant reserves the right to challenge jurisdiction. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 13, and on that basis denies the allegations.

-4-

**ANSWER TO COMPLAINT FOR DAMANGES BY DEFENDANT COUNTY OF LOS ANGELES**

14.     Answering paragraph 14 (under the header "Jurisdiction and Venue"), Defendant admits that venue may be proper, but Defendant reserves the right to challenge the propriety of venue. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 14, and on that basis denies the allegations.

15.     Answering paragraph 15 (under the header "Previous Allegations"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 15, in particular those allegations related to Defendant Winco and on that basis denies the allegations.

16.     Answering paragraph 16 (under the header "Statement of Facts"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 16, in particular those allegations related to Defendant Winco and on that basis denies the allegations.

17.     Paragraphs 17 through 25 (under the header First Claim for Relief")

**ANSWER TO COMPLAINT FOR DAMANGES BY DEFENDANT**
**COUNTY OF LOS ANGELES**

relate to Defendant Kirk and Doe 1, neither of whom have been served as of the date of this answering Defendant. Defendant, however, denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 17 through 25, and on that basis denies the allegations.

26.      Answering paragraph 26 (under the header "Second Claim for Relief"), Defendant incorporates by reference the contents of the previous paragraphs of its answer as though fully set forth herein.

27.      Answering paragraph 27 (under the header "Second Claim for Relief"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 27, and on that basis denies the allegations.

28.      Answering erroneously numbered paragraph 29 (under the header "Second Claim for Relief"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant

**ANSWER TO COMPLAINT FOR DAMANGES BY DEFENDANT**
**COUNTY OF LOS ANGELES**

lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 29, and on that basis denies the allegations.

29.     Answering erroneously numbered paragraph 30 (under the header "Second Claim for Relief"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 30, and on that basis denies the allegations.

30.     Answering erroneously numbered paragraph 31 (under the header "Second Claim for Relief"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 31, and on that basis denies the allegations.

31.     Answering erroneously numbered paragraph 32 (under the header "Second Claim for Relief"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct

-7-

involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 32, and on that basis denies the allegations.

32.     Answering erroneously numbered paragraph 33 (under the header "Second Claim for Relief"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 30, and on that basis denies the allegations.

33.     Answering erroneously numbered paragraph 34 (under the header "Second Claim for Relief"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 34, and on that basis denies the allegations.

34.     Answering erroneously numbered paragraph 35 (under the header "Second Claim for Relief"), Defendant denies that Defendant or any of

-8-

**ANSWER TO COMPLAINT FOR DAMANGES BY DEFENDANT**
**COUNTY OF LOS ANGELES**

Defendant's employees engaged in any unlawful acts or omissions or misconduct

involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant

lacks sufficient information and belief upon which to answer the allegations

contained in the remainder of paragraph 35, and on that basis denies the

allegations.

35.     Erroneously numbered paragraphs 36 through 39 (under the header

Third Claim for Relief") relate to Defendant Kirk and Doe 1, neither of whom have

been served as of the date of this answering Defendant. Defendant, however,

denies that Defendant or any of Defendant's employees engaged in any unlawful

acts or omissions or misconduct involving Plaintiffs, and Defendant denies all

liability to Plaintiffs. Defendant lacks sufficient information and belief upon which

to answer the allegations contained in the remainder of paragraph 36 through 39,

and on that basis denies the allegations.

36.     Answering erroneously numbered paragraph 40 (under the header

"Fourth Claim for Relief"), Defendant incorporates by reference the contents of the

previous paragraphs of its answer as though fully set forth herein.

37.     Answering erroneously numbered paragraph 41 (under the header

"Fourth Claim for Relief"), Defendant denies that Defendant or any of Defendant's

employees engaged in any unlawful acts or omissions or misconduct involving

Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient

-9-

information and belief upon which to answer the allegations contained in the remainder of paragraph 41, and on that basis denies the allegations.

38.     Answering erroneously numbered paragraph 42 (under the header "Fourth Claim for Relief"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 42, and on that basis denies the allegations.

39.     Answering erroneously numbered paragraph 43 (under the header "Fourth Claim for Relief"), Defendant denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 43, and on that basis denies the allegations.

40.     Erroneously numbered paragraphs 44 through 50 (under the header Fifth Claim for Relief") relate to Defendant Kirk and Doe 1, neither of whom have been served as of the date of this answering Defendant. Defendant, however, denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which

**ANSWER TO COMPLAINT FOR DAMANGES BY DEFENDANT**
**COUNTY OF LOS ANGELES**

to answer the allegations contained in the remainder of paragraph 44 through 50, and on that basis denies the allegations.

41.      Erroneously numbered paragraphs 51 (under the header Sixth Claim for Relief") relate to Defendant Kirk and Doe 1, neither of whom have been served as of the date of this answering Defendant. Defendant, however, denies that Defendant or any of Defendant's employees engaged in any unlawful acts or omissions or misconduct involving Plaintiffs, and Defendant denies all liability to Plaintiffs. Defendant lacks sufficient information and belief upon which to answer the allegations contained in the remainder of paragraph 51, and on that basis denies the allegations.

42.      Answering Plaintiff's "Prayer for Relief", Defendant denies all liability to Plaintiffs including but not limited to all liability for any damages (general, special, punitive, exemplary or any other damages), fees, penalties, interest, or costs of any kind, or any relief of any kind from the Defendant to Plaintiffs.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper. As separate and affirmative defenses, Defendant alleges as follows:

-11-

**<u>FIRST AFFIRMATIVE DEFENSE</u>**
**(Failure to State a Claim for Relief)**

1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Plaintiffs' Complaint also fails to state a claim against Defendant in this action.

2.    Plaintiffs have failed to allege in the Complaint sufficient facts to state a claim for compensatory or punitive damages for any action taken by Defendant.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**
**(Constitutional Rights)**

3.    Defendant denies that Plaintiffs or Decedent have been deprived of any rights, privileges, or immunities guaranteed by the Constitution or laws of the United States or by the Constitution or laws of the State of California, and therefore Defendant is immune from liability.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**
**(Statute of Limitations)**

4.    Plaintiffs' action is time-barred by the operative statute(s) of limitations. Plaintiffs' Complaint and each purported cause of action therein is barred by the applicable statute of limitations, including, but not limited to California Code of Civil Procedure §§ 335.1, 337, 338(a), and/or 343.

5.    Plaintiffs' action is barred by laches and delay on the Plaintiffs part to the prejudice of Defendant.

-12-

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Exhaust Administrative Remedies)**

6.     The Complaint is barred based on Plaintiffs' failure to exhaust administrative remedies prior to filing this lawsuit. This action is barred by Plaintiffs' failure to comply with the claims provision of the California Tort claims Act, Government Code §900, et seq.

7.     Plaintiffs' recovery is barred for failure to timely comply with the provisions of the claim's statutes.

8.     Plaintiffs' recovery is barred because the factual allegations of the Complaint do not correspond with the facts set forth in Plaintiffs' written claim.

**FIFTH AFFIRMATIVE DEFENSE**
**(Contributory of Comparative Negligence of Plaintiffs)**

9.     Plaintiffs' claims are barred or limited by Plaintiffs contributory and/or comparative negligence or other conduct, acts, omissions, and to the extent Plaintiffs suffered any injury or damages, it was the result of Plaintiffs' own negligent or deliberate actions or omissions.

10.    Plaintiffs' recovery is barred because any injury or damage suffered by or to Plaintiffs was caused solely by reason of Plaintiffs wrongful acts and conduct and the willful resistance to a peace officer in the discharge of his or her duties.  The conduct set forth in the Complaint, if and to the extent it occurred, was privileged

-13-

and justified and done with a good faith belief that it was correct and therefore no action may be taken against the answering Defendant on account of such conduct.

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

11.    Defendant alleges that Plaintiffs' action is barred by reason of conduct, as Plaintiffs' actions and inactions amount to and constitute a waiver of any right Plaintiffs may or might have had in reference to the matters and things alleged in the Complaint, or that such conduct otherwise estops Plaintiffs from recovery in this action, including but not limited to the doctrine or unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

12.    Plaintiffs' claims are barred or limited to the extent Plaintiffs failed to mitigate Plaintiffs' injuries to damages, if there were any.  Plaintiffs have failed to mitigate the damages if any, which Plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injures and failed to take reasonable precautions to reduce any injuries and damages.

-14-

**ANSWER TO COMPLAINT FOR DAMANGES BY DEFENDANT**
**COUNTY OF LOS ANGELES**

## NINTH AFFIRMATIVE DEFENSE
### (Exercise of Discretion Vested in Public Employees)

13.     There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Gov. Code §815.2, 820.2, 820.4, 820.8, 820 et seq.

14.     Plaintiffs' recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

15.     A public employee may be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code §§818.2, 818.4, 818.8, 821 and 821.2.  Based thereon, the answering Defendant is immune from liability for any injuries claimed by Plaintiffs, herein.

16.     The answering Defendant is immune for any detriment resulting from any of their actions or omissions at the time of the incident of which Plaintiffs complain pursuant to Government Code §810 et seq., 820 et seq., and 845 et seq.,

ANSWER TO COMPLAINT FOR DAMANGES BY DEFENDANT
COUNTY OF LOS ANGELES

including, but not limited to, §§810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§854, et seq., including, but not limited to, §§845.6, 854.6, 854.8(a)(2), and §§855.4, 855.6, 855.8 and 856.4.

## TENTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

17.     Defendant and their agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances.  Defendant therefore asserts the individual Defendant and Doe Defendant's Qualified Immunity from liability to the fullest extent applicable.

18.     Defendant is immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate.  Defendant is immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate.  Defendant is immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights.  Defendant is also immune from liability under the doctrine of Qualified Immunity.

19.     At all relevant times, Defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, with the bounds of reason, and with the good faith

-16-

belief that their actions comported with all applicable federal and state laws.

*Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§815.2 and 820.2.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

20.     At the time and place referred to in the Complaint and before such event, Decedent knew, appreciated, and understood each and every risk involved in placing himself in the position which Plaintiffs then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of rights, or death.

## TWELFTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel/Res Judicata)

21.     The Complaint is barred under the doctrine of collateral estoppel (issue preclusion) and/or res judicata (claim preclusion).

## THIRTEENTH  AFFIRMATIVE DEFENSE
### (Election)

22.     At the time of trial, the answering Defendant may elect to limit or diminish Plaintiffs' alleged damages of losses as provided and authorized by California Civil Code §3333.1, California Civil Code §3333.2 and California Code of Civil Procedure §667.1, and the provision of Proposition 51 as enacted into law in the State of California.

23.    In the event that the answering Defendant herein is found to be liable for damages to Plaintiffs, the liability, if any, for any amount of non-economic damages, if awarded, shall be reduced or limited pursuant to Civil Code §1431.2, in the direct proportion to each individual answering Defendant's percentage of negligence or fault in relation to the fault of all joint tortfeasors, or other liable persons, whether joined as a defendant or not; and a separate judgment shall be rendered against each answering defendant for such amount.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Legal Duty Owed to Plaintiff)

24.    Defendant owed no legal duty to Plaintiffs as described in Plaintiffs' Complaint, or otherwise.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unavoidable Detriment)

25.    To the extent that Plaintiffs suffered any detriment, such detriment was unavoidable.

26.    The damages or injuries complained of by Plaintiffs, if any, were the result of an emergency situation, not created by any fault of Defendant, and into which the Defendant was suddenly and unexpectedly placed.

27.    The answering Defendant is informed and believe and thereon allege that the damages complained of in Plaintiffs' Complaint, if any, resulted from an unforeseeable and superseding cause, thereby barring either partially or totally,

-18-

**ANSWER TO COMPLAINT FOR DAMANGES BY DEFENDANT**
**COUNTY OF LOS ANGELES**

Plaintiffs' claimed damages herein. The answering Defendant is informed and believe and thereon allege that each and all of the purported causes of action and theories of relief asserted by Plaintiff in the Complaint are barred by virtue of an independent intervening cause.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Join an Indispensable Party)

28.     Plaintiffs' claims are barred for failure to join an indispensable party under Federal Rule of Civil Procedure 19.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Cal. Gov't Code 815.2 and 820.2 Foreclosure of Claims)

29.     To the extent that the Complaint attempts to predicate liability upon any public entity defendant or any employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal.App.3d 933, 935, 936 *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 a.3d 710; and by the lack of any duty running to Defendant, by the fact that any such purported act or omission is governed exclusively by statue and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the complaint.  *See de Villers v. County of San Diego,* 156 Cal.App.4th 238, 251-253, 255-256 (2007).

-19-

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Respondeat Superior Liability)

30.     The Defendant may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal.Government Code §§ 844.6, 845.6; Cal. Civil Code §2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of Los Angeles v. Heller,* 475 U.S. 796 (1986).

## NINETEENTH AFFIRMATIVE DEFENSE
### (Bar to Punitive Damages)

31.     Plaintiffs may not recover punitive damages against a governmental entity, or against governmental employees acting in their official capacity, under federal or state law.  Cal. Govt. Code §818; *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik,* 75 F.3d 517,527 (9th Cir. 1996).

32.     At no time and place mentioned in the Complaint, did Defendant act with deliberate indifference or malicious intent to deprive any person of any Constitutional or legal right, or cause of any other injury and, therefore, Defendant is immune from liability.

33.     Any claims for punitive damages is unconstitutional and invalid in that it violates the United State Constitution, including but not limited to the Due Process Clause of the Fifth and/or Fourteenth Amendments, as well as the Fifth, Sixth, Eighth, and/or Ninth Amendments.

-20-

## TWENTIETH AFFIRMATIVE DEFENSE
### (Reasonable Use of Force)

34.     The acts complained of by Plaintiffs were committed in the course of making a lawful seizure, arrest, and/or search.  In making this lawful seizure, Defendant's employees used only reasonable force.

35.     Any use of force by Defendant's employees was privileged as being objectively reasonable and/or in lawful self-defense or defense of third parties and/or as being appropriate to overcome resistance and/or to redress the commission of a public offense and/or because peace officers had reasonable cause to believe that Plaintiffs had committed a public offense and/or the exigent circumstances existed.

36.     Plaintiffs' claims related to peace officers' use of force is barred because a peace officer making a detention or arrest need not retreat in the face of resistance and cannot be deemed the aggressor or lose their right to self-defense by using force.

37.     In the detention/arrest at issue, if any, Plaintiffs were subjected to a reasonable amount of force for the protection of the officers or to prevent escape of the person(s) detained or to prevent the loss of property, all pursuant to Cal. Penal Code §§ 835a and 490.5.

-21-

38.    Defendant denies that Plaintiff have been deprived of any rights, privileges, or immunities guaranteed by the Constitution of laws of the United States or by the Constitution or laws of the State of California, and therefore Defendant is immune from liability.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Acts Alleged are Merely Tortious)**

39.    Plaintiffs' claims under the Federal Civil Right Act are barred because the Complaint fails to allege facts that go beyond mere tortious conduct and rise to the dignity of a civil rights violation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Emotional Distress)**

40.    Plaintiffs' claims for emotional distress are barred because Defendant had no knowledge of Plaintiffs' susceptibility to emotional distress and Plaintiffs alleged no more than that which a reasonable person would have been able to adequately cope.

### RESERVATION OF AFFIRMATIVE DEFENSES

41.    Because Plaintiffs' Complaint is couched in vague and conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be

-22-

appropriate.  The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of Plaintiffs' claims, or elements thereof.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

1.  That the Complaint be dismissed, with prejudice and in its entirety;

2.  That Plaintiffs' take nothing by reason of this Complaint and that judgment be entered against Plaintiffs and in favor of Defendant;

3.  That Defendant be awarded its/their costs, including but not limited to attorney fees allowable by law, incurred in defending this action;

4.  That Defendant be granted such other and further relief as the court may deem just and proper.

Dated:  September 15, 2023          **IVIE McNEILL WYATT PURCELL & DIGGS**

                              **BY**: _/s/ Angela M. Powell_
                              **RICKEY IVIE**
                              **ANGELA M. POWELL**
                              **MARINA SAMSON**
                              **Attorneys for Defendant**
                              **COUNTY OF LOS ANGELES**

-23-

1

## <u>DEMAND FOR JURY TRIAL</u>

2

3        Defendant demands a trial by jury in this action.

4

Dated:  September 15, 2023                  **IVIE McNEILL WYATT**
5                                           **PURCELL & DIGGS**

6
                                    **BY**:   _/s/ Angela M. Powell_____
7                                           **RICKEY IVIE**

8                                           **ANGELA M. POWELL**
                                            **MARINA SAMSON**
9                                           **Attorneys for Defendant**

10                                          **COUNTY OF LOS ANGELES**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-