GILBERT M. NISHIMURA (SBN 57905)
gnishimura@snw-law.com
JANET L. KEUPER (SBN 128417)
jkeuper@snw-law.com
SEKI, NISHIMURA & WATASE, LLP
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

Attorneys for Defendant, DEPUTY TREVOR KIRK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACY HOUSETON and DAMON BARNES, <br><br> Plaintiff(s), <br><br> vs. <br><br> COUNTY OF LOS ANGELES, SHERIFF ROBERT LUNA, DEP. TEVOR KIRK, WINCO FOODS, LLC, a Delaware limited liability company, and WINCO HOLDINGS, INC., an Idaho corporation, individually and in their official capacities and DOES 1-10, inclusive, <br><br> Defendant(s). | Case No. 2:23-cv-06887-SVW-MRW <br><br> (Hon. Stephen V. Wilson) <br><br> **ANSWER OF DEFENDANT DEPUTY TREVOR KIRK TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** <br><br> Action Filed:  August 22, 2023 |

    TO PLAINTIFFS AND TO ALL PARTIES AND TO THEIR

RESPECTIVE ATTORNEYS OF RECORD HEREIN:

*///*

Defendant DEPUTY TREVOR KIRK ("Answering Defendant") for himself alone and for no others, hereby answers the Complaint for Damages of Plaintiffs, JACY HOUSETON and DAMON BARNES, and pleads as follows:

## INTRODUCTION

1.      Answering Paragraph 1, Answering Defendant admits that Plaintiffs' complaint seeks damages for violations of civil rights.  Answering Defendant specifically denies using unconstitutional force on Plaintiffs, denies violating Plaintiffs' civil rights and further denies the conduct upon which the claims for relief are based.

## PARTIES

2.      Answering Paragraph 2, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

3.      Answering Paragraph 3, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

4.      Answering Paragraph 4, Answering Defendant admits that he was and is a Los Angeles County Sheriff's Deputy and was acting within the course and scope of his employment with the Los Angeles County Sheriff's Department at the time of the contact with Plaintiffs.  The remaining allegations are vague, ambiguous, and overbroad.   Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

5.      Answering Paragraph 5, as Doe Defendant 1 has not been identified, Answering Defendant does not have sufficient knowledge or

information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.

6.     Answering Paragraph 6, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

7.     Answering Paragraph 7, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

8.     Answering Paragraph 8, Answering Defendant admits that Robert Luna is the Sheriff for Los Angeles County.  The remaining allegations are vague, ambiguous, and overbroad.   Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

9.     Answering Paragraph 9, Answering Defendant admits that the County of Los Angeles was, and is, a public governmental entity existing under the laws of the State of California and that the Los Angeles County Sheriff's Department is a political sub-division of the County.  The remaining allegations are vague, ambiguous, and overbroad.   Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis denies, each and every remaining allegation contained therein.

10.     Answering Paragraph 10, as Does 1 and 3 through 10 have not been identified, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.  Further, the allegations are

vague, ambiguous, and overbroad.   Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

11.     Answering Paragraph 11, as Does 1 through 10 have not been identified, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.

12.     Answering Paragraph 12, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

## JURISDICTION AND VENUE

13.     Answering Paragraph 13, Answering Defendant admits that jurisdiction is proper, based upon the allegations of the Complaint.  Answering Defendant denies the charging allegations of the Complaint against him and denies that he violated the Constitutional Rights of Plaintiffs or was a cause of injury or damage to Plaintiffs.

14.     Answering Paragraph 14, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

## PREVIOUS ALLEGATIONS

15.     Answering Paragraph 15, the allegations are vague, ambiguous, and overbroad.   Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.  Answering Defendant specifically denies the charging allegations of the Complaint against

him and denies that he violated the Constitutional Rights of Plaintiffs or was a cause of injury or damage to Plaintiffs.

## STATEMENT OF FACTS

16.     Answering Paragraph 16, Answering Defendant specifically denies the conduct attributed to him in this paragraph and denies that he used excessive force, denies that he violated the Constitutional Rights of Plaintiffs or was a cause of injury or damage to Plaintiffs.  Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

## FIRST CLAIM FOR RELIEF
## UNREASONABLE SEARCH AND SEIZURE

17.     Answering Paragraph 17, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of the Complaint and Defendant answers and responds to said allegations as previously set forth above.

18.     Answering Paragraph 18, Answering Defendant denies that he used excessive force or violated Plaintiffs' Constitutional rights.  Answering Defendant denies that he was a cause of injury or damage to Plaintiffs.  The remaining allegations are vague, ambiguous, and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, denies each and every remaining allegation contained therein.

19.     Answering Paragraph 19, Answering Defendant denies that he used excessive force or violated Plaintiffs' Constitutional rights.  Answering

Defendant denies that he was a cause of injury or damage to Plaintiffs. The remaining allegations are vague, ambiguous, and overbroad. Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, denies each and every remaining allegation contained therein.

20.     Answering Paragraph 20, Answering Defendant denies that he violated Plaintiffs' rights or was a cause of injury or damage to Plaintiffs. The remaining allegations are vague, ambiguous, and overbroad. Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, denies each and every remaining allegation contained therein.

21.     Answering Paragraph 21, Answering Defendant denies that he used excessive force or violated Plaintiffs' rights. Answering Defendant denies that he was a cause of injury or damage to Plaintiffs. The remaining allegations are vague, ambiguous, and overbroad. Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, denies each and every remaining allegation contained therein.

22.     Answering Paragraph 22, Answering Defendant denies that he used excessive force or violated Plaintiffs' rights. Answering Defendant denies that he was a cause of injury or damage to Plaintiffs. The remaining allegations are vague, ambiguous, and overbroad. Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of

the remainder of the allegations contained in said paragraph, and on that basis, denies each and every remaining allegation contained therein.

23.     Answering Paragraph 23, Answering Defendant denies that he violated Plaintiffs' Constitutional rights or was a cause of injury or damage to Plaintiffs.  The remaining allegations are vague, ambiguous, and overbroad. Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, denies each and every remaining allegation contained therein.

24.     Answering Paragraph 24, Answering Defendant denies that he violated Plaintiffs' rights or was a cause of injury or damage to Plaintiffs. Answering Defendant specifically denies that any of his actions entitle Plaintiffs to an award of punitive or exemplary damages.

25.     Answering Paragraph 25, Answering Defendant denies that he violated Plaintiffs' rights and denies that any of his actions entitle Plaintiffs to any damages, including attorney's fees.

## SECOND CLAIM FOR RELIEF
## MONELL ALLEGATIONS

26.     Answering Paragraph 26, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of the Complaint and Defendant answers and responds to said allegations as previously set forth above.

27.     Answering Paragraph 27, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

28.     There is no Paragraph 28 in Plaintiffs' Complaint.

29.     Answering Paragraph 29, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

30.     Answering Paragraph 30, Answering Defendant denies the conduct to the extent it is attributed to him in this paragraph and denies that he violated the Constitutional Rights of Plaintiffs or was a cause of injury or damage to Plaintiffs.  The allegations are vague, ambiguous, and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

31.     Answering Paragraph 31, Answering Defendant denies the conduct to the extent it is attributed to him in this paragraph and denies that he violated the Constitutional Rights of Plaintiffs or was a cause of injury or damage to Plaintiffs.  The allegations are vague, ambiguous, and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

32.     Answering Paragraph 32, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

33.     Answering Paragraph 33, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

34.     Answering Paragraph 34, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

35.     Answering Paragraph 35, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

### THIRD CLAIM FOR RELIEF

### BATTERY

36.     Answering Paragraph 36, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of the Complaint and Defendant answers and responds to said allegations as previously set forth above.

37.     Answering Paragraph 37, Answering Defendant admits that at the time of the contact with Plaintiffs, he was on duty and in the course and scope of his employment with the Los Angeles County Sheriff's Department. Answering Defendant denies each and every remaining allegation of this Paragraph.

38.     Answering Paragraph 38, Answering Defendant denies the conduct to the extent it is attributed to him in this paragraph and denies that he used unreasonable or excessive force on Plaintiffs or was a cause of injury or damage to Plaintiffs.  The allegations are vague, ambiguous, and overbroad. Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

39.     Answering Paragraph 39, Answering Defendant denies the conduct to the extent it is attributed to him in this paragraph and denies that he used excessive or unreasonable force or was a cause of injury or damage to Plaintiffs.  The paragraph purports to make a statement of the law which requires neither an admission nor a denial.  The allegations are vague,

ambiguous, and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENCE

40.     Answering Paragraph 40, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of the Complaint and Defendant answers and responds to said allegations as previously set forth above.

41.     Answering Paragraph 41, Answering Defendant denies the conduct to the extent it is attributed to him in this paragraph and denies that he acted negligently toward Plaintiffs or used unreasonable or unnecessary force on Plaintiffs or was a cause of injury or damage to Plaintiffs.  The allegations are vague, ambiguous, and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

42.     Answering Paragraph 42, Answering Defendant denies the conduct to the extent it is attributed to him in this paragraph and denies that he was negligent toward Plaintiffs, used excessive or unreasonable force on Plaintiffs or was a cause of injury or damage to Plaintiffs.  The allegations are vague, ambiguous, and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

43.     Answering Paragraph 43, Answering Defendant denies the conduct to the extent it is attributed to him in this paragraph and denies that he was negligent toward Plaintiffs, used excessive or unreasonable force on Plaintiffs or was a cause of injury or damage to Plaintiffs.  The paragraph purports to make a statement of the law which requires neither an admission nor a denial. The allegations are vague, ambiguous, and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

## FIFTH CAUSE OF ACTION
## BANE ACT

44.     Answering Paragraph 44, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of the Complaint and Defendant answers and responds to said allegations as previously set forth above.

45.     Answering Paragraph 45, this paragraph purports to be a statement of law which requires neither an admission nor a denial.

46.     Answering Paragraph 46, Answering Defendant denies the conduct attributed to him in this paragraph, denies that he used unreasonable or excessive force on Plaintiffs, denies that he subjected Plaintiffs to unreasonable search and seizure and denies that he violated the Constitutional rights of Plaintiffs.  Answering Defendant denies that he was a cause of injury or damage to Plaintiffs.  Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations as to Doe Defendants, and on that basis, they are denied. The remainder of the allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does

not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

47.     Answering Paragraph 47, Answering Defendant denies the conduct to the extent it is attributed to him in this paragraph and denies that he caused Plaintiffs harm or was a cause of injury or damage to Plaintiffs.

48.     Answering Paragraph 48, Answering Defendant denies the conduct to the extent it is attributed to him in this paragraph and denies that he committed any wrongful acts toward Plaintiffs or was a cause of injury or damage to Plaintiffs.  The paragraph purports to make a statement of the law which requires neither an admission nor a denial.  The remaining allegations are vague, ambiguous, and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

49.     Answering Paragraph 49, Answering Defendant denies the conduct to the extent it is attributed to him in this paragraph and denies that he violated the Constitutional Rights of Plaintiffs, committed any wrongful acts towards Plaintiffs, or acted with a conscious disregard of the rights of Plaintiffs. Answering Defendant further denies that he was a cause of injury or damage to Plaintiffs.  Answering Defendant specifically denies that any of his actions entitle Plaintiffs to an award of punitive damages.  Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

50.     Answering Paragraph 50, Answering Defendant denies that any of his actions were a cause of injury or damage to Plaintiffs and specifically deny that any of his conduct entitles Plaintiffs to an award of attorney's fees.

## SIXTH CAUSE OF ACTION
## "TORTS-IN-ESSENCE"

51.     Answering Paragraph 51, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of the Complaint and Defendant answers and responds to said allegations as previously set forth above.  Additionally, certain of the allegations in this paragraph purport to be statements of law which require neither an admission nor a denial.  Answering Defendant specifically denies that he violated any Penal Codes, committed any wrongful acts or violated any of Plaintiffs' civil rights.  Answering Defendant further denies that he was a cause of injury or damage to Plaintiffs.  The remaining allegations are vague, ambiguous, and overbroad.  Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis, they are denied.

## PRAYER

52.     Answering Defendant denies that Plaintiffs were injured or damaged as a result of any conduct on the part of this Answering Defendant and further denies that Plaintiffs are entitled to any damages, including punitive and exemplary damages, as a result of any act or omission on the part of this Answering Defendant.

///

///

///

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that Plaintiffs' Complaint and each claim for relief stated therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that to the extent that Plaintiffs suffered any detriment, such detriment was caused or contributed to by Plaintiffs' negligence and their damages, if any, should be reduced in direct proportion to their fault.

## THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that Plaintiffs' Complaint fails to state a claim under 42 U.S.C. § 1983 for Fourth or Fourteenth Amendment violations upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the detention of Plaintiffs, if any, was not wrongful because Defendants had a right to detain Plaintiffs for questioning and/or other investigatory purposes.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the detention of Plaintiffs was not wrongful as Defendant had reasonable grounds to believe that a crime had been committed.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the force used against Plaintiffs was caused and necessitated by the conduct of Plaintiffs and was reasonable and necessary for self-defense to prevent Plaintiffs from unlawfully harming or otherwise interfering with the lawful duties of Answering Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that at all relevant times, he was an employee and was duly qualified and acting as a deputy with the County of Los Angeles Sheriff's Department; that he was at all relevant times engaged in the performance of his regularly assigned duties in the employment of the County of Los Angeles as a peace officer; and that at all relevant times, he acted in good faith and without malice.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that at all times relevant herein, Defendant's actions were reasonable, proper, legal and within policy.

### NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that at all times relevant herein, Defendant had reasonable cause to believe that a public offense was being committed in his presence or had been committed.

### TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that as a public employee, he is not liable for his acts or omissions, exercising due care, in the execution or enforcement of any law.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that as a public employee, he is not liable for an injury resulting from his acts or omissions where the act or omission was the result of the exercise of discretion vested in him pursuant to *Government Code* §§ 820.2.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that any and all events and happenings, injuries, loss, and damage referred to in Plaintiffs' Complaint were directly and proximately caused and contributed to by the carelessness and negligence of Plaintiffs and the extent of damages assessed against this Answering Defendant, if any, should be reduced in proportion to the negligence of Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that pursuant to *Government Code* §§ 844.6, 845.6, 855.6, and 856.4, Defendant is not liable for the injuries or damages alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that pursuant to *Government Code* §§ 815.2, 820.4, and 820.8, Defendant is immune from liability for the actions alleged in Plaintiffs' Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that he is entitled to qualified immunity, and as to any federal claims and theories of recovery, he is protected from liability under the doctrine of qualified immunity because his conduct did not violate any clearly established

right which a reasonable person would have known.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that public employees are not liable for injury caused by the act or omission of another person.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that he did not act with deliberate indifference toward Plaintiffs, discriminate against Plaintiffs, nor interfere nor attempt to interfere by threats, intimidation, violent acts, or coercion, with Plaintiffs' exercise or enjoyment of any right secured by the Constitution or the laws of the United States or State of California.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that any search and/or seizure was supported by consent, probable cause and/or fell within a recognized warrant exception.

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the deprivation of Plaintiffs' property, if any, comported with the Fourteenth Amendment.

## TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends that Plaintiffs' Complaint, and each and every claim contained therein, and/or any amendments thereto, is barred by the applicable statute of limitations and/or California *Code of Civil Procedure* § 335.1 and 342.

///

### TWENTY- FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that Plaintiffs' claims are barred by the failure of Plaintiffs to timely commence the action within the time required by California *Government Code*, including but not limited to *Government Code* §§ 945.6 and 950.2 and failure to timely comply with the administrative claim provisions of California *Government Code,* including but not limited to *Government Code* §§ 911.2 and 945.4, and 950.6.

### TWENTY- SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that any and all official conduct undertaken was in good faith and without malicious intent to deprive Plaintiffs of their constitutional rights or to cause other injury.

### TWENTY- THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that there is no imputed liability between public officers in actions under the Federal Civil Rights Act.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that all of the force used, if any, was reasonable under the circumstances.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that public employees are not liable for injury caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of his employment, even if found to have acted maliciously and without probable

cause pursuant to *Government Code* § 821.6.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that public employees are not liable for injuries caused by adopting or failing to adopt an enactment or by failing to enforce any law pursuant to *Government Code* § 818.2 and 821.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that public employees are not liable for injury caused by misrepresentations by the employee, whether or not such misrepresentation be negligent or intentional pursuant to *Government Code* § 818.8 and 822.2.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the Complaint, and each claim contained therein, is barred on the ground that this Answering Defendant was not the cause in fact of any alleged damage, injury, or loss to Plaintiffs, if any.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the Complaint, and each claim contained therein, is barred on the ground that this Answering Defendant was not a substantial cause of any alleged damage, injury, or loss to Plaintiffs, if any.

### THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the Complaint fails to state sufficient facts to entitle Plaintiffs to punitive or exemplary damages.

///

## THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that all the claims for relief set forth in Plaintiffs' Complaint are barred because Plaintiffs failed to take reasonable steps to mitigate their damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that immunity rights are preserved under *Government Code* §§ 815, et seq., including but not limited to defenses under sections 815.6, 820.2, 820.4, 820.8, 821.6, 844.6, 845, 845.2 and 845.6.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the Complaint does not state facts sufficient to constitute a claim for relief against Defendants under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527 (1981), is not a federal civil rights violation.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant is immune from liability pursuant to California *Penal Code* §§ 834a and 847.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that any injury or damage suffered by Plaintiffs was caused solely by reason of their wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his office, and not by reason of any unlawful acts or omissions of this Answering Defendant.

///

///

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that probable cause existed for Plaintiffs' detention which precludes liability on the Complaint.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that any injury to Plaintiffs was due to and caused by the negligence and omissions of the Plaintiffs to care for themselves, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to Plaintiffs.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that any and all events and happenings, injuries, loss, and damage referred to in Plaintiffs' Complaint were directly and proximately caused and contributed to by the carelessness and negligence of third parties, not in the control of this Answering Defendant.  Therefore, the extent of damages assessed against this Answering Defendant, if any, should be reduced in proportion to the negligence of third parties.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that in the event this Answering Defendant is found to be liable for damages to Plaintiffs, the liability, if any, for any amount of non-economic damages, if awarded, shall be reduced or limited pursuant to Civil Code §1431.2, in the direct proportion to each individual Defendant's percentage of negligence or fault in relation to the fault of all joint tortfeasors, or other liable persons, whether joined as a defendant or not; and a separate judgment shall be

rendered against each defendant for such amount.

## FOURTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that at the time and place referred to in the Complaint, Plaintiffs knew and understood the risk involved in placing themselves in the position which Plaintiffs then assumed, and thereby willingly, knowingly and voluntarily assumed the risks of their actions, including the potential of suffering personal bodily injury or deprivation of rights.

## FORTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that Plaintiffs' claims under the Federal Civil Rights Act are barred as the Complaint alleges facts which are tortious and do not rise to the level of a civil rights violation.

## FORTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the acts complained of by Plaintiffs were committed in the course of making a lawful seizure, arrest, and/or search for which only reasonable force was used.

## FORTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the damages complained of in Plaintiffs' Complaint, if any, resulted from an unforeseeable and superseding cause, thereby barring Plaintiffs' claimed damages.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that Plaintiffs' recovery is barred because the factual allegations of the

Complaint do not correspond with the facts set forth in Plaintiffs' written claim.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to assert other affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves the right to amend its answer to allege said affirmative defenses at such time as they become known.

WHEREFORE, Answering Defendant prays for judgment as follows:

1.      That Plaintiffs take nothing by reason of their Complaint, and that judgment be entered in favor of Answering Defendant on all claims for relief alleged in the Complaint;

2.      That Answering Defendant recover his costs of suit incurred herein, including reasonable attorneys' fees; and

3.      For such other and further relief as the Court deems proper and just.

Dated:  October 26, 2023             SEKI, NISHIMURA & WATASE, LLP


                                     By:___*/s/  Janet L. Keuper*_____
                                          GILBERT M. NISHIMURA
                                          JANET L. KEUPER
                                          Attorneys for Defendant
                                          DEPUTY TREVOR KIRK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Defendant DEPUTY TREVOR KIRK hereby requests a jury trial on all issues triable by jury, as provided by Federal Rule of Civil Procedure, Rule 38(a) and (b).

DATED:  October 26, 2023          SEKI, NISHIMURA & WATASE, LLP


By   */s/  JANET L. KEUPER*
          GILBERT M. NISHIMURA
          JANET L. KEUPER
          Attorneys for Defendant
          DEPUTY TREVOR KIRK