GILBERT M. NISHIMURA (SBN 57905)
gnishimura@snw-law.com
JANET L. KEUPER (SBN 128417)
jkeuper@snw-law.com
SEKI, NISHIMURA & WATASE, PLC
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

Attorneys for Defendant, DEPUTY TREVOR KIRK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACY HOUSETON and DAMON BARNES, <br><br> Plaintiff(s), <br><br> vs. <br><br> COUNTY OF LOS ANGELES, SHERIFF ROBERT LUNA, DEP. TREVOR KIRK, WINCO FOODS, LLC, a Delaware limited liability company, and WINCO HOLDINGS, INC., an Idaho corporation, individually and in their official capacities and DOES 1-10, inclusive, <br><br> Defendant(s). | Case No. 2:23-cv-06887-SVW-MRW <br><br> (Hon. Stephen V. Wilson) <br><br> **SUPPLEMENTAL BRIEFING OF DEFENDANT, DEPUTY TREVOR KIRK, ON MOTION TO COMPEL DEPOSITION OF KIRK AND REQUEST FOR SANCTIONS** <br><br> Date: January 24, 2024 <br> Time: 9:30 A.M. <br> Place: Roybal Federal Building <br> Ctrm: 550 <br> 5th Floor <br> Los Angeles, CA, 90012 <br><br> **PRE-TRIAL CONF: 5/20/24** <br> **JURY TRIAL:       5/28/24** <br><br> Magistrate Judge Michael R. Wilner <br><br> ***DISCOVERY MATTER*** <br><br> Action Filed: August 22, 2023 |

1

**TO THE COURT AND TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**:

Defendant, DEPUTY TREVOR KIRK, submits the following Supplemental Briefing in support of his Opposition to the Motion to Compel Deposition of Trevor Kirk.

## 1. FRCP RULES 28 AND 30 MANDATE THAT AN OFFICER IS REQUIRED TO RECORD A DEPOSITION NON-STENOGRAPHICALLY

Federal Rules of Civil Procedure, Rule 30 provides the procedure for taking depositions by oral examination, setting forth the manner and method for such proceedings. Rule 28 provides authority for the persons before whom depositions may be taken.

Rule 30 (b) sets forth the formal requirements for an oral deposition and specifically provides that the deposition "*be conducted before an officer appointed or designated under Rule 28*." Fed. R. Civ. P. 30. The officer is required to begin the deposition with an on-the-record statement including the officer's name, date and place of deposition, deponent name, officer's administration of the oath or affirmation to the deponent and the identity of all persons present. Rule 30(b)(5)(A)(i)-(vi). Rule 28 defines an officer before whom a deposition must be taken as one "authorized to administer oaths either by federal law or by the law in the place of the examination".

Rule 30 also mandates that if the deposition is recorded non-stenographically, *the officer* must repeat the items in Rule 30(b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium. The deponent's and the attorneys' appearance or demeanor must not be distorted through recording techniques. Fed. R. Civ. P. 30(b)(5)(B).

This section is critical in the analysis of the propriety of recording a deposition on a personal device. The mandate of Rule 30 regarding depositions being recorded non-stenographically is not limited to those instances where the deposition is recorded *only* non-stenographically. The Rule requires that if depositions are to be recorded non-stenographically, an officer is required to do the recording (officer as defined by Rule 28) and the officer must repeat the items in Rule 30(b)(5)(A)(i)-(iii) at the beginning of each unit of the recording medium.

The cases referenced by the Court in the hearing of January 11, 2024 support the position that the recording of a deposition by someone other than an officer is not authorized under the Federal Rules.

In *Kastner v. Intrust Bank, et al.*, 2012 WL 3059402, No. 10–1012–EFM, from the 10th Circuit District Court in Kansas, the pro se plaintiff sought to use his own video equipment to record a deposition. Magistrate Judge Karen Humphrey pointed out that Fed.R.Civ.P. 30 imposes a number of requirements on administration of the oath. Following briefing, Judge Humphrey held that Rule 28 requires that a deposition *must* be taken before an officer "authorized to administer oaths" but excludes "any party's relative, employee, or attorney; [anyone] related to or employed by any party's attorney; or [anyone] who is financially interested in the action." It was further held that since Plaintiff had a financial interest in the case, *he was not permitted to perform the duties of an "officer" in conducting the depositions*. The court specifically rejected plaintiff's suggestion that all he needed was for someone to administer the oath and he could record and transcribe the record himself. Judge Humphrey held that Rule 30(c)(1)

requires that "the testimony must be *recorded by the officer personally* or by a person acting in the presence and *under the direction of the officer.*"

In a similar argument to one raised herein, Judge Humphrey specifically held that plaintiff's insistence that he record the deposition testimony with his own equipment to save money was not consistent with the requirement that the person recording the deposition acts "under the direction of the officer." It was held that the "officer" is also required to verify the accuracy of the deposition and preserve the chain of custody of the recording pursuant to Fed.R.Civ.P. 30(e) and (f)(3) and that plaintiff's request to record the deposition himself did not satisfy those requirements.

Indeed, Rule 30(f)(3) provides, as to copies of a deposition transcript or recording, that *the officer* must retain the stenographic notes of a deposition taken stenographically *or a copy of the recording of the deposition taken by another method*. This section provides further support for the argument that the recording of a deposition must be by an officer as defined by Rule 28.

In a case from the 7th Circuit, Central District of Illinois, Peoria Division, US District Court Judge Joe Billy McDade ruled on a motion to compel a deposition. In ruling, Judge McDade reminded the pro se plaintiff that he could not video tape any depositions by himself and that an officer was required to conduct the videotaping in the same manner as a stenographer would be required to transcribe the deposition, citing Fed.R.Civ.P. 30(c)(1). *Simmons v. Tarby*, 2010 WL 11692256, United States District Court, C.D. Illinois, Peoria Division, Case No. 06-cv-1153.

The cases from the Ninth Circuit also support the position that the recording of a deposition must be by an officer.

In *Hardesty v. Barcus*, 2012 WL 5906727, No. CV 11–103–M–DWM–JCL, Magistrate Judge Jeremiah C. Lynch from the District Court in Montana, Missoula Division, heard argument on a motion to strike videotaped depositions taken by plaintiff.  In that case, plaintiff had hired notaries to operate the digital video camera and act as deposition officers under Rule 28.  As officers, the notaries were also tasked with performing the various duties set forth in Rule 30(b)(5) which included administering the oath, and making certain on-the-record statements "at the beginning of each unit of the recording medium" and at the end of the deposition.  Fed.R.Civ.P. 30(c)(1), (b)(5)(A-C).  The officers were further obligated by Rule 30 to avoid distortion of "[t]he deponent's and attorney's appearance or demeanor" through recording techniques, set forth any stipulations by the attorneys, "certify in writing that the witness was duly sworn and that the deposition accurately recorded the witness' testimony," and retain a copy of the recording of a deposition.  Fed.R.Civ.P. 30(b) & (f).

Defendants argued that the notaries were not qualified, did not make the requisite statements on the record, there were malfunctions with the camera and that counsel did not receive a copy of the video recordings.  It was further argued that the deposition records were improperly handled because the notaries did not retain a copy of the recordings as required by Rule 30(b)(3) and plaintiff's counsel did not store the recordings "under conditions that [would] protect it against loss, destruction, tampering, or deterioration" as required by Rule 30(f)(1) based on lengthy portions missing when some of the depositions were finally delivered.

The Court noted that the disputed depositions were of non-party witnesses and that it was not clear if, and what portions of the depositions

Plaintiff would seek to use for impeachment at trial. In denying the motion for protective order to strike the depositions, Judge Lynch deferred to the presiding judge to determine whether a particular portion of the deposition could be used at trial.

What is evident from the above is that the Court acknowledged that an officer (as defined in Rule 28) was required to perform all of the functions required under Rule 30, not only during the taking of the deposition but in the maintenance of the recording.

Also illustrative of the requirement of an officer to record a deposition is the Ninth Circuit case of *Hiramanek v. Clark*, 2015 WL 6178529, USDC, Northern District California, Case No. 13-cv-00228-RMW. Magistrate Paul S. Grewel heard argument on a motion for protective order brought by defendants arguing that the pro se plaintiffs failed to comply with Rule 30 in conducting depositions.

On the date set for deposition, plaintiff was unable to secure a stenographer, so a notary public administered the oath to the deponent and then left. Plaintiff recorded the deposition himself and did not provide the recording to Defendants' counsel. The Court noted that in this process, plaintiff violated several procedural rules applicable to depositions. The Court noted that Rule 30(c)(1) requires that the deposition officer or an agent of the officer personally record witness testimony. The Court further noted that Rule 30(b)(5)(B) requires the officer to repeat certain statements at the beginning of each unit of the recording medium and that Rule 30(b)(5)(C) requires that the officer state on the record that the deposition is complete and set out any stipulations. Further, Rule 30(f)(3) requires that the officer keep a copy of the recording and furnish that copy to any party. The

Court ruled that all further depositions in the case had to comport with each of the above Rules.

## 2. CONCLUSION

Analysis of Rules 28 and 30, along with the rulings in the cases above, make clear that the video recording of a deposition must be by an officer as defined in Fed.R.Civ.P. 28. Rule 30 mandates that if the deposition is recorded non-stenographically, *the officer* must comply with procedures as outlined in Rule 30(b)(5)(A)(i)-(v). The Rule does not equivocate that it is only applicable in the absence of a stenographer. The Rule is for non-stenographic recordings, such as the personal cellular device of counsel herein.

For all of the reasons set forth herein, defendant, Deputy Trevor Kirk. requests that the Motion to Compel be denied in its entirety, including the request for sanctions.

Dated: January 22, 2023

SEKI, NISHIMURA & WATASE, PLC

By: */s/ Janet L. Keuper*
 GILBERT M. NISHIMURA
 JANET L. KEUPER
 Attorneys for Defendant
 DEPUTY TREVOR KIRK