Caree Harper SBN 219048
LAW OFFICES OF CAREE HARPER
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
Tel.: (213) 386-5078
Email: *Ch1@attorneyharper.com*

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSETON *et. al.* | **Case No.:** 2:23-CV-6887SVW |
| Plaintiffs, | **PLAINTIFFS' OBJECTION AND NOTICE OF MOTION TO VACATE NON-DISPOSITIONAL ORDER OF MAGISTRATE JUDGE, L.R. 72-2, DECLARATION OF COUNSEL** |
| vs. | |
| COUNTY OF LOS ANGELES *et.al.* | |
| Defendants. | |
| | Date: March 11, 2024 |
| | Time: 1:30 p.m. |
| | Place: U.S.D,C. 350 W. 1st St., Ctrm 10A, Los Angeles, CA 90012 |

TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on **March 11, 2024, at 1:30 P.M.**. or as soon thereafter as the parties may be heard in Courtroom 10A of the court, located at 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, plaintiff will move the Court for reconsideration and review pursuant to Fed.R.Civ. Proc.72(a) and Central District Local Rule 72-2.1 of the Magistrate Judge's January 24, 2024, order denying plaintiff's motion to compel video recorded deposition. Said Motion is made following a Local Rule 7.4.1 meet and confer exchange by plaintiff's counsel among and between counsel on January 26, 2024. Defense counsel indicate they favor the Magistrate Judge's ruling.

DATED: February 7, 2024                    LAW OFFICES OF CAREE HARPER

                                           /s/ Caree Harper
                                           Attorney for Plaintiffs

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . 4

I   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II   RULE 72(A) AND THE STANDARD OF REVIEW ON NON DISPOSITIVE
      MAGISTRATE JUDGE RULINGS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III  OBJECTIONS TO ORDER OF 1/24/2024. . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV  PLAINTIFF'S MOTION IS TIMELY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V   THE ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
     ON PROCEDURAL GROUNDS IS CLEARLY ERRONEOUS
     AND CONTRARY TO LAW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

   A. Notice of Deposition Given Complies with Rule 30. . . . . . . . . . . . . . . . 9

   B. Admissibility of deposition video *at trial* is not a proper discovery
consideration in the 1/24/2024 Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

   C. Precluding Publication is Prior Restraint and Clear Error. . . . . . . . . . . 11

   D. Inapposite Case Law Cited by Order; Applicable Case Authority
       Not Followed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

   E.  Costs and Monetary Sanctions Were Erroneously Denied to
        Plaintiff's Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

   F.  A "Take-Five" Deposition Is Not a Nullity; Nor Does It Preclude
 Questions and Answers.

VI   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 16

DECLARATION OF CAREE HARPER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..18

# TABLE OF AUTHORITIES

**Cases**

*Alcorn v. City of Chicago* 336 F.R.D. 440 (N.D. Ill.2020)......................... 12

*Baxter v. Palmigiano* (1976) 425 U.S. 308, 318................................ 15

*Bhan v. NME Hospitals Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991).................. 6

*Camelot Group Ltd. v. W A. Krueger Co.*, 486 F.Supp. 1221 (S.D.N.Y. 1980)......... 15

*F.D.I.C v. Fidelity Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D.Cal 2000)..... 6

*Gillen v. Nissan Motor Corp. in U.S.A.*, 156 F.R.D. 120........................... 9

*Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991)....... 6

*Kastner v. Intrust Bank* 2012 WL 3059402 at *1 (D. Kan. 2012)................... 13

*Merritt v. Int'l Bd. of Boilermakers*, 649 F.2d 1013, 1018 (9th Cir. 1981)............ 6

*Ott v. The Stipe Law Firm*, 169 F.R.D. 380 (E.D.Okla 1996)....................... 9

*Pioneer Drive v. Nissan Diesel Am., Inc.* (D. Mont. 2009) 252 F.R.D. 552)......... 9-12

*Raiser v. San Diego County* 2021 WL 2886048 at *7 (S.D. Cal. 2021).............. 13

*Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.*, 114 F.R.D. 647...... 9

*Ryan v. eXp Realty LLC,* 2022 WL 475988 at *1 (D. Ariz. 2022).................. 13

*Schoolcraft v. City of New York*, 296 F.R.D. 231, 239 (S.D.N.Y. 2013)............. 13

*Thompkins v. R.J. Reynolds Tobacco Co.*, 92 F.Supp.2d 70, 74 (N.D.NY 2000)....... 7

*Wolpin v. Phillip Morris, Inc.*, 189 F.R.D. 418, 422 (C.D.Cal. 1999)................. 6

**Statutes**

[F.R.C.P.] RULE 72(A)........................................................ 6,8

L.R. 72-2.................................................................... 6,8

Title 28 U.S.C. § 636(b)(1)(A).................................................. 6,8

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 I <u>INTRODUCTION</u>

3 This is a civil rights action against Los Angeles County, Sheriffs Deputy Trevor Kirk and WinCo department arising under 42 U.S.C. Section 1983, and supplemental state causes of action.

6 On June 24, 2023, Plaintiffs entered the WinCo Supermarket in Lancaster where they purchased items. Plaintiff Barnes left the store and ate his dessert items in the parking lot, then returned and met Plaintiff Houseton in the checkout line. Mr. Barnes and a security guard had a verbal exchange resulting in Ms. Houseton deciding to return the items she purchased. As Ms. Houseton walked through the store, an unknown security guard followed and bumped her without cause. Ms. Houseton then exchanged words with the security guard and both she and Mr. Barnes then left the store. It is believed that a WinCo employee attempted to weaponize the police by falsely reporting that the Plaintiffs committed a robbery.

15 In a citizen's video, responding Deputy Kirk was seen grabbing her by the neck and violently throwing Plaintiff Houseton to the ground as she videotaped the other deputy's rough physical contact with Plaintiff Barnes.

18 As the elderly Black female was on the ground and screaming out, Deputy Kirk put his knee in her neck and simultaneously sprayed her with pepper spray. Kirk also punched the elderly lady as she screamed in pain.

21 Ms. Houseton's injuries included but were not limited to a fractured wrist, a black eye and chemical burns to the face. Ms. Houseton is still treating for her medical and psychological injuries.

24 The instant objection/Rule 72 motion arises from the properly noticed deposition of defendant Kirk on November 29, 2023 attended by his civil defense counsel, Janet Keuper, and Kirk's *criminal* defense counsel, Thomas Yu.  Plaintiffs noticed the in-person deposition to be recorded by a certified court reporter and to be recorded by video and audio.

4
Objection/Notice of Motion re Magistrate's Order

**The December 19, 2023 deposition**

At the deposition, deponent Kirk was duly sworn by the court reporter. Both counsel for defendant precluded Kirk from giving testimony on the stated basis that Plaintiff was operating the videocamera, an iPhone 14. Plaintiff's counsel Harper asked defense counsel for authority for their refusal to allow their client to testify. They were unable to provide any authority for this refusal. Kirk did not testify at the deposition.

Plaintiff's counsel explained to defense counsel that their objections would be preserved for the record and to please allow the deposition to proceed. She explained that if a court were to uphold their objections (despite any stated authority), then the video would not be allowed in evidence. Defense counsel were unmoved.

Defense counsel emailed Magistrate Judge Wilner, apparently without informing him that the deposition notice stated that it would be recorded by video and audio - in addition to taken by a certified stenographic reporter. Judge Wilner's reply to defense counsel cited State Bar rules and the California Penal Code, evidencing the wilful omissions in defense counsel's email.

**Subsequent Meet and Confer**

The parties met and conferred personally and telephonically on December 19, 2023, and Plaintiff's counsel continued to do so through email correspondence, to no avail. Defense counsel Kirk refused to participate or compromise even after he was presented with case law in favor of Plaintiffs' position.

**Motion to Compel.**

Pursuant to L.R. 7-3, 7-4 counsel for the parties filed a Joint Stipulation [Doc. 43] re Plaintiff's motion to compel the video recorded deposition of defendant Kirk. A court hearing took place via Zoom or similar electronic link.

**Order Issued.**

Magistrate Judge Wilner issued his order on January 24, 2024. [Doc. 59] It is captioned ORDER DENYING MOTION TO COMPEL VIDEORECORDED DEPOSITION. Plaintiff's objection and Rule 72(a) motion is based upon this order.

# ARGUMENT.

## II  RULE 72(A) AND THE STANDARD OF REVIEW ON NON-DISPOSITIVE MAGISTRATE JUDGE RULINGS

Title 28 U.S.C. § 636(b)(1)(A) provides in pertinent part that in reviewing a magistrate judge's order on non-dispositive motions, "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." The statue further provides that:

> A judge of the court shall make a de novo determination of those portions of the report of specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge [magistrate judge]. The judge may also receive further evidence or recommit the matter to the magistrate [magistrate judge] with instructions. *Id*.

The "clearly erroneous" standard applies to the magistrate judge's factual findings while the "contrary to law" standard applies to the magistrate judge's legal conclusions. See, *F.D.I.C v. Fidelity Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D.Cal 2000); *Wolpin v. Phillip Morris, Inc*., 189 F.R.D. 418, 422 (C.D.Cal. 1999). Discovery orders are non-dispositive orders subject to this standard of review. See, e.g. *Bhan v. NME Hospitals Inc*., 929 F.2d 1404, 1414 (9th Cir. 1991); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991); *Merritt v. Int'l Bd. of Boilermakers*, 649 F.2d 1013, 1018 (9th Cir. 1981).

This challenged discovery order is clearly a non-dispositive ruling in the case. It is appropriately subject to objection and Rule 72(a) motion.

Under this standard of review, a magistrate judge's order is "clearly erroneous" if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is "contrary to law" when it

fails to apply or misapplies relevant statutes, case law or rules of procedure. *Thompkins v. R.J. Reynolds Tobacco Co.*, 92 F.Supp.2d 70, 74 (N.D.NY 2000). Such is the case here. The Magistrate misapplied the relevant rules, statutory and case law.

III     **OBJECTIONS TO 1/24/2024 ORDER**

Objection is taken to the non-dispositive order challenged in the following respects:

1. Plaintiff's motion to compel deposition was denied based on defendant's refusal to proceed because the deposition was to be video recorded by Plaintiff's counsel, (with an iPhone). This was notwithstanding notice of stenographic and video recording timely given. More detailed notice is not required by the Federal Rules or case law. Denying the motion, and the request for sanctions was erroneous.

2. No legal basis was shown for denial of the motion to compel based on whether the deposition video would be admissible *at trial*. Admissibility *at trial* of said video was not at issue in the motion. That decision is for the trial judge not the discovery magistrate judge. Ruling otherwise was error.

3. Whether video excerpts could be posted online was not briefed, thus the order precluding posting was erroneous and a denial of due process. This was a hypothetical event not briefed or properly before the Magistrate Judge which the Magistrate agreed was not properly before him at January 24, 2024 hearing.

4. Denial of costs and monetary sanctions to Plaintiff was erroneous based on defendant's refusal to allow the deposition to proceed.

5. It was error to deny the motion assuming that no questions could be asked and answered when the deponent has invoked his Fifth Amendment privilege or signals an intention to do so. See fn. 1 of Order. [Doc. 59]

6. Whether the deposition videographer is or is not licensed had no bearing on defendant's refusal to proceed. Rule 30 (or local federal rules) does not appear to provide a standard for licensing videographers. Absent such

standards and given the stage of the proceedings, defendant's refusal to proceed was an abuse of discovery.  It was error to conclude otherwise. This may present an equal access to justice issue for economically disadvantaged litigants and their counsel.

Disparaging or flippant remarks ("homemade video recording", "informal recording(s)", "DIY video process" "amateurish production", show that the Magistrate has not kept up with technology.  The iPhone 14 used by Ms. Harper is a sophisticated recording device which has generated the high quality photos in Apple print and billboard advertisements.[1]  Further, this and the current iPhone 15 Pro and Pro Max are capable and have been used to "film" full length movies.[2]  Magistrate Wilner states that he "decline[s] to award fees against Plaintiffs here", and appears to scold Plaintiff's counsel for video recording a deposition, though notice was given of same, plus stenographically recorded.

There is no case law, nor have defendants or the Magistrate Judge cited anything that prohibits the video recording by the noticing party when also recorded by a court reporter. The discussion of who is an "officer and who may or may not conduct a deposition"[3]  is a red herring, as here a certified stenographic reporter transcribed the proceedings. Whether a video of such a deposition can be used at trial is an entirely different issue, not properly before or ruled upon by the Magistrate Judge.  Defendants lacked a legal basis for their refusal to allow discovery to be taken and should be sanctioned for the delay and expense to Plaintiffs' counsel.

IV    **PLAINTIFFS' OBJECTION/MOTION IS TIMELY.**

L.R. 72-2 provides:

> Any party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection. Such motion shall

---

[1] See, https://www.adsoftheworld.com/campaigns/shot-on-iphone-sunshine-everywhere

[2] See, https://moblivious.com/apple/movies-shot-with-an-iphone/

[3] Para. 10, page 3 of the 1/24/2024 order. [Dkt. # 59]

8

Notice of Motion re Magistrate's Order

> be filed within fourteen (14) days of an oral ruling which the Magistrate Judge indicates will not be followed by a written ruling, or within fourteen (14) days of service of a written ruling.

The written ruling of the Magistrate Judge issued on January 24, 2024. Fourteen days thereafter is February 7, 2024. Thus, this motion is timely filed and served.

## V  THE ORDER DENYING PLAINTIFF'S MOTION TO COMPEL IS CLEARLY ERRONEOUS AND CONTRARY TO LAW

The Order allowed defense counsel to obstruct a deposition without authority. This refusal to proceed was an abuse of the discovery process, Rule 26(c), 30(b)(3)(B), and 30(b)(5)(B) and it was erroneous to deny sanctions. It does not appear that Plaintiff's video device is the issue but its operator. The additional terms of the order were not supported by the facts or the law. They were premature, at best, and clearly erroneous.

Magistrate Judge Wilner is not an Article III District Court judge and cannot decide future admissibility of video evidence at trial. The order was clearly erroneous.

### A. Notice of Deposition Given Complies with Rule 30.

Defendant appears to concede that video recording of deposition by the noticing party's attorney is not barred by any federal rule.[4] Magistrate Judge Wilner – without apparent legal authority – ordered that Plaintiff's counsel's notice of deposition video recording must include that she would record it on her iPhone. Defense counsel had not cited supporting authority for that notice proposition nor in the joint statement, nor has the magistrate judge. The order to give more detailed notice was clearly erroneous.

---

[4] See, *Ott v. The Stipe Law Firm*, 169 F.R.D. 380 (E.D.Okla 1996) re the 1993 amendment to Rule 30(b)(2), approving non-stenographic deposition recording. The court stated: "Any party may arrange for a transcription to be made from the recording of a deposition taken by non-stenographic means. Further, "Courts have generally given Rule 30 a liberal interpretation designed to promote, rather than hinder, the practice of recording discovery proceedings through the use of nonstenographic means. *Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.*, 114 F.R.D. 647, 649 (M.D.N.C.1987); *Gillen v. Nissan Motor Corp. in U.S.A.*, 156 F.R.D. 120, 122 (E.D.Pa.1994). *Id.* at 380-381. Here, Magistrate Judge Wilner apparently interprets the 1993 expansion to Rule 30 in a more constricted manner than *Ott, Rice, Gillen*. The 1/24/2024 order at issue appears to conflate what is allowed for *recording* a deposition non-stenographically with what may be received into evidence.

1       The 1/24/2024 Order to which objection is taken does not cite any supporting

2 authority to justify defendant's refusal to proceed *at deposition* based upon the notice

3 given that it would be recorded stenographically and by video and audio. The notice

4 complied with Rule 30. It was clear error by Magistrate Judge Wilner to require more

5 notice of video recording than given here – to state by what device and by what operator.

6 As discussed, *infra*, admissibility of the video was not properly a decision for the

7 Magistrate Judge.

8       **B.**     **Admissibility of deposition video *at trial* is not a proper discovery**

9                     **consideration in the 1/24/2024 Order.**

10       Defendant's walking out on a court reporter's stenographic deposition, simply

11 because it is being recorded by an unlicensed videographer is sanctionable misuse of the

12 discovery process. *See, Pioneer Drive v. Nissan Diesel Am., Inc.* (D. Mont. 2009) 252 F.R.D.

13 552) which appears to be "on all fours" contrary to defense counsel's refusal. As stated at

14 556:

15                 Defense counsel objected to the manner of visually recording
the deponent but did not let the examination continue. This
16                 was a mistaken course to choose. The Defendant does not
argue that any of the three exceptions that ostensibly provide
17                 grounds for a party to stop a deposition are applicable here. As
such, defense counsel wrongfully obstructed the examinations
18                 by objecting to the manner of visual recording without then
letting the Court address the objection after depositions were
19                 completed.

20       As shown by the Federal Rules Decision holding in *Pioneer Drive, supra,* the issue

21 of admissibility is preserved and can be raised by objection at the time of examination, *in*

22 *limine* motion or timely objection at trial. As stated by *Pioneer Drive, supra,* p. 556:

23                 Rule 30(c) states " [a]n objection at the time of examination-
whether to evidence, to a party's conduct, to the officer's
24                 qualifications, to the manner of taking the deposition, or to any
other aspect of the deposition-must be noted on the record, but
25                 the examination still proceeds" with the testimony taken
subject to the objection. This general rule has three
26                 exceptions. The examination can be stopped (1) if the
deposing party is seeking privileged information, (2) if a party
27                 is violating a
prior court order, or (3) if the deposition is being conducted in
28                 " bad faith or in a manner that unreasonably annoys, embarrasses,

or oppresses the deponent or party." Fed.R.Civ.P. 30(c)(2) and (d)(3). None of the exceptions apply based on the record of this case.

Similarly, the general rule applied in the instant case. Defense counsel's objection was preserved for the record, but the deposition should have proceeded. It was clearly erroneous not to find defendant and his counsel to have violated Rule 30(c) and to impose sanctions in the form of attorney's fees and costs (including the cost of the court reporter.)

Video recording at deposition is not limited by case law or statute to a particular make or model of video recording device. In the Ninth Circuit, a professional videographer is not required. *Pioneer Drive, supra*, confirms this to be so, stating:

> In this case Defendant's counsel objected to Plaintiff's counsel videotaping the depositions. Defendant argues the Ninth Circuit has not ruled on who can videotape a deposition, and in this silence common sense dictates that only independent professionals may do so. [citation omitted] ¶ Nothing in the language of the Rules supports this proposition, and the amendments to the rules and associated comments bolster Plaintiff's position. <u>The Federal Rules of Civil Procedure allow, at the very least, counsel to videotape a deposition in concert with a stenographer recording it.</u> Over the past thirty years courts have increasingly recognized videotaping as an inexpensive and preferable alternative to stenographically recording depositions. See *Sandidge v. Salen Offshore Drilling Co.*, 764 F.2d 252, 259 n. 6 (5th Cir.1985) (listing cases that discuss the preferability of videotaped depositions). This trend was recognized and codified in the 1993 amendments to the Federal Rules of Civil Procedure, which provided that "[u]nless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means." Fed.R.Civ.P. 30(b)(3)(a). *Id.* at 555. (Underlining added)

Defendants objected to plaintiff's counsel as the video operator. There is no authority for the 1-24-2024 order requiring more detailed notice of who is video recording and for what purpose. As discussed, admissibility is an issue for the Article III trial judge. The refusal to impose monetary sanctions on defendant or his counsel for abandoning the deposition was clear error. Neither Rule 28 or 30 require more than the notice given. Plaintiff seeks *de novo* review of this erroneous order. Sanctions were imposed upon the recalcitrant defense counsel in *Pioneer Drive, supra*. That should be imposed here as well.

C. **Precluding Publication is Prior Restraint and Clear Error.**

Paragraph 21 of the Order states in pertinent part: "… if Ms. Harper wishes to record the deposition for her personal use – not for filing with the Court, posting on social media, etc. – the deposition notice will include an unambiguous notice to that effect." There is simply no authority cited or relied upon for this clearly erroneous order. No authority is cited for this expansive and intrusive prior restraint. At most, this is a hypothetical situation beyond the proper reach of Magistrate Judge Wilner. There are no facts to support such an order.

D. **Inapposite Case Law Cited by Order; Applicable Case Authority Not Followed.**

As discussed above, *if* the deposition video is to be offered at trial, it will need to be authenticated. Evidentiary safeguards are the province of the Article III judge so that inaccurate video will not be allowed into evidence. There are no facts to support limitation on notice, or use of said deposition video *at this time* The issue presented now is the right of plaintiff's counsel to record video of the deposition. Referring to the codified 1993 amendments to Rule 30, the court in *Pioneer Drive, supra*, further stated:

> The result of this change is that " parties [are] authorized to record deposition testimony by nonstenographic means without first having to obtain permission of the court or agreement from other counsel." Advisory Committee's Note on Fed.R.Civ.P. 30.   *Id.* at 555.

Magistrate Judge Wilner gives short shrift to the on-point holding of *Pioneer Drive, supra*, at ¶15 of his order (and footnote 3), despite its pedigree as a Ninth Circuit ruling. He concedes that:

> 'The District Court concluded that the Federal Rules 'allow, at the very least, counsel to videotape deposition in concert with a stenographer recording it.'

There is little or no discussion of the factual similarity here to *Pioneer Drive, supra*. Magistrate Judge Wilner acknowledges at ¶15 that *Pioneer Drive* states:

> .. if there were concerns over the recording technique, the deposed party or counsel may choose an additional method of recording the deposition" in response.

But, in the next paragraph ¶16, he opines: "That's not particularly persuasive."

Again, this is beyond the factual scenario and issues presented in thie instant case where defendant and counsel walked out of the deposition when their demand that Ms. Harper not personally video record was not met. That is exactly what happened in *Pioneer Drive, supra,* except that plaintiff's counsel there faced with a "Hobson's Choice" to avoid leaving Texas without the testimony, or return to court in Oregon to press the issue, reluctantly incurred $15,000 expense for a week with a certified videographer.

Despite the highly relevant context of *Pioneer Drive, supra*, in relation to the instant case, at footnote 3 Magistrate Judge Wilner curiously chose to discuss the irrelevant issue "whether a lawyer can record a deposition <u>without</u> the presence of a stenographer is less certain." Because here, plaintiff's counsel had a court reporter present, ready to record the testimony, footnote 3 is misleading and irrelevant. The video in the instant case was <u>in addition to, not in lieu of a court reporter</u>. Failure to accord *Pioneer Drive, supra*, as controlling precedent is misleading if not clearly erroneous.

Instead, the challenged order gives more credence to an out of circuit ruling, *Alcorn v. City of Chicago* 336 F.R.D. 440 (N.D. Ill.2020) involving Zoom depositions to be recorded through the video recording function while testimony was to be recorded by court reporter. That is dissimilar, if not irrelevant. Hypothetical "chaotic" outcomes posited are not factually based in the instant case. These hypotheticals do not require imposition of the order imposed.

Furthermore, as the moving papers and those in opposition demonstrate, there is no factual basis to believe that an inaccurate video recording would be made. Defendant's contention that notice of videotaping should identify the videographer, if it is counsel for the noticing party, conflates the requirement of a "deposition officer" under Rule 28 with the requirement that recording of testimony, under Rule 30, is permitted by a certified stenographic reporter. Magistrate Judge Wilner discusses other cases,[5] factually

---

[5] *Ryan v. eXp Realty LLC,* 2022 WL 475988 at *1 (D. Ariz. 2022), involved a Zoom video to be transcribed by a stenographic report who was not present during the deposition. The video was not allowed at trial. *Raiser v. San Diego County* 2021 WL 2886048 at *7 (S.D. Cal. 2021) involved "... Plaintiff's desire to conduct depositions ☞

dissimilar to give the impression that the weight of authority supports his order. It does not. It is erroneous to assume or conclude misconduct by experienced Plaintiffs' counsel.

### E. Costs and Monetary Sanctions were Erroneously Denied to Plaintiffs' Counsel

As discussed, *supra,* defendants and their counsel do not have controlling or even persuasive authority for their refusal to proceed with the deposition, having made their objection to who was recording it. They were unable to provide any authority during the deposition 'meet and confer', nor did they provide the court with such authority in their briefing. The Magistrate Judge was required to impose monetary sanctions on defendants and their counsel for their abuse of the discovery process. His failure to do so imposed an improper burden on Plaintiffs' counsel and was clear error. As stated in *Pioneer Drive, supra*, following a substantially identical refusal to proceed, the court stated:

> Defendant prevented the Plaintiff from carrying out examinations in a cost efficient manner that the Plaintiff was entitled to conduct. The delay was limited to about an hour only because Plaintiff, after assessing the Hobson's choice, essentially was forced to pay a fee to allow the depositions to proceed. Unfamiliarity to the Federal Rules does not necessarily give rise to an objection in bad faith, but Defendant's refusal to allow the deposition to proceed after making its objection was in bad faith. There was no legal ground upon which Defendant could have stopped the deposition as it did.
> 
> ***
> 
> When a lawyer acts to gain advantage, without regard to the Federal Rules of Civil Procedure, he or she is not acting in good faith. Indeed, acting contrary to the rules, whether ignorantly or deliberately, is bad faith. Here, defense counsel

---

without a court reporter." This is irrelevant in the instant case. *Kastner v. Intrust Bank* 2012 WL 3059402 at *1 (D. Kan. 2012) involved plaintiff's recorded deposition video without a court reporter, oath administered by magistrate judge. Not allowed at trial. Again, not relevant here. *Schoolcraft v. City of New York*, 296 F.R.D. 231, 239 (S.D.N.Y. 2013) is an outlier in conflict with most other cited cases in that plaintiff's counsel there was not allowed to operate the video camera, apart from issues of admissibility. The Ninth Circuit and other F.R.D. decisions are to the contrary. Stated concerns in *Schoolcraft* re "several layers of confidentiality" for portions of video recorded testimony are not inherent in the instant case. Nor does the stated concern for the Rule 30(b)(5) duties which the court reporter will fulfill in the instant case. *Warner v. SWPEI, LP* 2023 WL 4405854 (W.D.Pa. 2023) involved failure of counsel to give notice of intention to record deposition testimony. Here, Plaintiffs' counsel gave proper notice. Thus, *Warner* appears irrelevant to the instant case.

> acted in bad faith. Defendant also argues sanctions are inappropriate because the videographer's fees can be recouped as a taxable cost. This is akin to the robber keeping the cash on the ground that the victim can get restitution if the robber is convicted. The argument presumes Plaintiff will prevail, and even if the Court makes such a presumption, the potential opportunity to recover the expense provides little solace to Plaintiff who has already incurred the expense due to Defendant's bad faith obstinance. The Defendant impeded and frustrated Plaintiff's examinations. Defendant shall pay Plaintiff's videographer expenses, as well as Plaintiff's costs and attorney's fees to bring this motion.
>
> *Id.* at 556-557

It was clear error to deny monetary sanctions to Plaintiffs for defendants and their counsels'[6] willful refusal to allow the deposition to proceed; costs for the court reporter; Plaintiff's attorney fees and costs for preparation of this motion and the preceding motion to compel and the hearings. The District Court should award/reimburse Plaintiff's counsel for the substantial efforts to reverse this miscarriage of justice in an amount and manner to be determined.

F. **A "Take-Five" Deposition Does Not Preclude Questions and Answers.**

At footnote 1 of his order, Magistrate Judge Wilner states that deponent defendant Deputy Kirk stated his intention to assert his Fifth Amendment right against self-incrimination in response to "many / most / all of the questions to be put to him at the deposition." Magistrate Judge Wilner states that Deputy Kirk's deposition testimony therefore may not be presented at trial. However, his assertion of his right against self-incrimination in a civil action is admissible at trial. In civil cases, "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." (*Baxter v. Palmigiano* (1976) 425 U.S. 308, 318.)

A blanket refusal to answer any questions on Fifth Amendment grounds is not necessarily allowed. As a general rule, the deponent must show up at the deposition and assert his privilege to each question asked of him. A blanket refusal to answer any and all questions at a deposition is not acceptable. *Camelot Group Ltd. v. W A. Krueger Co.*, 486

---

[6] Including deponent Kirk's criminal defense counsel, Yu.

15

Objection/Notice of Motion re Magistrate's Order

F.Supp. 1221 (S.D.N.Y. 1980). There are numerous areas of inquiry in a civil rights case involving allegations (and here a video recording of the incident) that are still proper. That Deputy Kirk and his counsel appeared for his deposition is a tacit acknowledgment that he may not simply refuse to answer all questions by asserting his right against self-incrimination.

The Magistrate Judge's inference that defendant Deputy Kirk's deposition would be moot, because of his intention to assert his right against self-incrimination, is misplaced and erroneous.

### G. Rules 28 and 30 Do Not State Who May Be a Licensed Videographer.

Unquestionably, many litigants cannot afford to hire a licensed videographer. As discussed *supra* that question is not legitimately presented here. At best it is premature.

### CONCLUSION

Applicable statutory and case authority support sanctioning defense counsel for walking out on defendant Kirk's duly noticed deposition – without lawful excuse. Plaintiff's fees and costs should be ordered paid by defense counsel for obstructing the deposition of defendant Kirk. Instead of granting the motion to compel, Magistrate Judge Wilner denied it, conflating admissibility at trial (which is not his province) with the simple right - upon notice given - for Plaintiff's counsel to video record a stenographically recorded deposition.

Misapplying dissimilar cases, raising unfounded hypotheticals, resulted in the clearly erroneous ruling. The 1//24/2024 Order is clearly erroneous as to the issues legitimately placed before the Magistrate Judge, items A-G, *supra*, at Headnote III.

The District Court should exercise its authority under Rule 72(a) and L.R. 72-2 to enter a new and different order, which will be filed separately. The 1/24/2024 Order objected to allowed defense counsel to obstruct a deposition without authority and without compensating Plaintiff's counsel for the harm and expense. This refusal to proceed was an abuse of the discovery process, Rule 26(c), 30(b)(3)(B), and 30(b)(5)(B).

Magistrate Judge Wilner is not an Article III District Court judge and cannot decide future admissibility at trial. His 1/24/2024 order was clearly erroneous. Plaintiff's notice of

1  deposition was fully in compliance with applicable rules.

3  Defense counsel's abuse of discovery rules, required briefing, multiple hearings, then a clearly erroneous ruling denying the motion to compel which is the subject of the instant Rule 72 motion reviewing the purported rationale for this flawed ruling.

Based on the Points & Authorities, the Declaration of counsel filed and served herewith, and any arguments presented at the hearing of the Motion, the Court should set aside the 1/24/2024 order, award monetary sanctions against the named defense counsel and their clients for attorney fees and costs for their abuse of discovery.

DATED: February 6, 2024          LAW OFFICES OF CAREE HARPER

/s/ Caree Harper
Attorney for Plaintiffs

## DECLARATION OF CAREE HARPER

I, CAREE HARPER, declares:

1. Each fact set forth herein is within my personal knowledge and if called to testify, I would swear to each such fact.

2. I am licensed to practice law in California and before the U.S. District Court for the Central District of California. I am counsel of record in this action. This declaration is to augment my prior declaration herein, **[DOC# 43-5].**

3. As shown by the court reporter's transcript filed as **[DOC#43-4]** to the motion to compel heard by Magistrate Judge Wilner, there were four attorneys that appeared at the noticed deposition for defendant Deputy Kirk, including his civil counsel Ms. Keuper, his criminal defense counsel ThomasYu, Angela Powell for the County of Los Angeles and Sheriff Luna, and WinCo Foods defense counsel Kenneth Zuetel, Jr.

4. Despite the notice given that the deposition for defendant Kirk would be recorded by video, Ms. Keuper objected. I responded that her objection was preserved for the record as to admissibility. RT, December 19, 2023, p. 6, lines 16-22.

5. After conferring with Mr. Yu, Ms. Keuper insisted that there was no "official videographer". After some further discussion, Ms. Powell stated that she believed that a "certified videographer" was required. RT 12-13.

6. I have been video-recording depositions with a court reporter for years,

7. I asked defense counsel for some authority for their contention that a licensed videographer was required by law for a deposition to be video recorded. Not one of the four (4) defense counsel provided authority, but suggested calling the magistrate.

8. I am not paid for this time or the expensive deposition wrongfully halted by Defendants until and unless plaintiffs' case prevails. I must (and have) borne the loss of time and expense herein.

9. Undoubtedly, all defense counsel billed and were *paid* for this time. I was not.

10. Prior to calling the Magistrate Judge, I asked Ms. Keuper what authority required a

1  licensed videographer, simply to record a deposition. I did not believe the Magistrate
2  Judge should be bothered when defense counsel were unaware of any authority to
3  support their position. At page 14, lines 12-25 the transcript records the following:
4  MS. HARPER: He's going to say what is your authority for calling me and stopping me?
5  MS. KEUPER: I think you have to be an official, you know, certified videographer in
6  order to --
7  MS. HARPER: Where? Where? What code?
8  MS. KEUPER: I don't know.
9  MS. POWELL: Where does it say you don't have to?
10  MS. KEUPER: I don't know the code number off the top of my head; so do we have a
11  number for the magistrate?
12  MS. HARPER: No. You guys -- it's your guys's desire to do this [call the court].
13  MS. POWELL: Okay. Let's do it. I think it will resolve the issue quickly and...
14  11. As shown above, defense counsel Keuper and Powell pushed to contact the court,
15  apparently for an advisory opinion as they did not know if or what authority supported
16  their refusal to go forward with the deposition.
17  12. As a result, I was unable to ask defendant Kirk any questions, including those that would
18  not properly be subject to a Fifth Amendment assertion.
19  13. I have spent 7.5 hours including time spent in depositon and in preparation of my portion
20  of the joint stipulation presented to Magistrate Judge Wilner, plus additional time at the
21  hearing.
22  14. Because of my caseload and time commitments, I have had to contract assistance in
23  timely preparing this Rule 72 objection and motion to District Court Judge Wilson from
24  Thomas E. Beck, whose billable rate is $1,200.00 per hour. I request reimbursement for
25  contract services in the amount of **$12,500.00**.
26  15. Defense counsel, excluding Mr. Zeutel, improperly halted the deposition and cost me
27  **$1649.30**.    My billable rate is this case is $1,000.00 per hour. I spent 7.5 hours on the
28  Motion to Compel, 3 hours attending and preparing for the two hearings, and an

16. additional 4.5 hours on this Motion, totaling $15,000.00.

17. A true copy of the Barrett Reporting invoice of $1649.30 is attached **[EXH. "A"].**

18. I reserve the right to submit an updated declaration (s) of time expended herein by myself and contract attorneys in support of sanctions for discovery abuse by defense counsel which may include time at the upcoming hearing.

19. Based on the foregoing, Plaintiffs request reimbursement for the court reporter costs in the amount of $1,649.30 plus $27,500.00 in attorney fees jointly and severally by and through defense counsel and their respective clients, defendants Kirk and County of Los Angeles.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the United States.

DATED: February 7, 2024                    /s/ Caree Harper
                                           Attorney for Plaintiffs