GILBERT M. NISHIMURA (SBN 57905)
gnishimura@snw-law.com
JANET L. KEUPER (SBN 128417)
jkeuper@snw-law.com
SEKI, NISHIMURA & WATASE, PLC
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

Attorneys for Defendant, DEPUTY TREVOR KIRK

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACY HOUSETON and DAMON BARNES,<br><br>                Plaintiffs,<br><br>        vs.<br><br>COUNTY OF LOS ANGELES, SHERIFF ROBERT LUNA, DEP. TREVOR KIRK, WINCO FOODS, LLC, a Delaware limited liability company, and WINCO HOLDINGS, INC., an Idaho corporation, individually and in their official capacities and DOES 1-10, inclusive,<br><br>                Defendants. | Case No. 2:23-cv-06887-SVW-MRW (Hon. Stephen V. Wilson/Magistrate Judge Michael R. Wilner)<br><br>**DISCOVERY MATTER**<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS FOLLOWING ORDER ON PLAINTIFFS' RULE 72 MOTION**<br><br>**Date:**      **April 24, 2024**<br>**Time:**      **9:30 a.m.**<br>**Place:**      **Roybal Federal Building**<br>              **Courtroom 550**<br>              **5th Floor**<br>              **Los Angeles, CA, 90012**<br><br>[*Declaration of Janet L. Keuper Filed Concurrently Herewith*]<br><br>**PRE-TRIAL CONF:  5/20/24**<br>**JURY TRIAL:       5/28/24** |

Action Filed:  August 22, 2023

**TO THE HONORABLE MICHAEL R. WILNER, UNITED STATES MAGISTRATE JUDGE, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 24, 2024 at 9:30 a.m., or as soon thereafter as may be heard in the United States District Court for the Central District of California located at the Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA 90012,  Courtroom 550, 5th Floor, Defendant, Deputy Trevor Kirk, will and hereby does move this Court for an Order of sanctions against Plaintiffs' counsel, pursuant to the Order of Judge Stephen V. Wilson on the Plaintiffs' Motion for Reconsideration [Docket 76].

This motion is made on grounds that, in the Order of Judge Wilson, it was stated that arguments regarding sanctions are more appropriately addressed to the Magistrate Judge.  This motion follows, seeking sanctions for the Rule 72 motion, in which no new arguments were made and essentially sought a different result from a different judicial officer, and also for the direct violation of the Court Order following the ruling of the Court on January 24, 2024, as outlined in the Opposition to the Rule 72 motion for reconsideration. [Docket 68; 68-1 through 68-7]

This motion will be based on this Notice, the Memorandum of Points and Authorities, the pleadings and papers on file in this action, particularly the Order of the Court of March 8, 2024 [Docket 76] and the Opposition of Defendant, Deputy Trevor Kirk to Plaintiffs' Motion for Reconsideration [Docket 68 and Docket 68-1 through 68-7 inclusive], the Declaration of Janet L. Keuper, served and filed herewith, as well as such other oral and documentary evidence as may be presented at the hearing of this Motion.

1    Dated:  March 27, 2024                SEKI, NISHIMURA & WATASE, PLC

2

3                                         By:    /s/  JANET L. KEUPER

4                                              GILBERT M. NISHIMURA
                                               JANET L. KEUPER
5                                              Attorneys for Defendant
6                                              DEPUTY TREVOR KIRK

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

4        Plaintiffs bring this lawsuit against Defendants, the County of Los Angeles,

5   Sheriff Robert Luna and Deputy Trevor Kirk.  The lawsuit stems from an incident

6   that occurred in the parking lot of a WinCo store in Lancaster, California on June

7   24, 2023.  Deputies were called to the location regarding a robbery where the two

8   Plaintiffs were suspects.  While being detained, and according to documentation

9   produced in the litigation, Plaintiff Houseton resisted being detained by Deputy

10  Kirk which resulted in her being taken down and ultimately pepper sprayed.

11  Deputy Felipe Alejandre detained Plaintiff Barnes.

## II.   BACKGROUND OF THE MOTION

12

13       On January 24, 2024, this Honorable Court heard arguments on the motion

14  of Plaintiffs' counsel to compel the deposition of Defendant Deputy Trevor Kirk.

15  [Docket 57]  The motion was denied in the Order of January 24, 2024.  [Docket

16  59]  Part of the Order issued by the Court allowed Plaintiffs' counsel the ability to

17  record a deposition on her personal cellular device, but that it was for her own

18  personal use and not for filing with the Court or posting on social media.  [Docket

19  59]

20       On the following day, and in direct violation of the Order of the Court,

21  Plaintiffs' counsel posted on her TikTok page, a screen shot of defendant Deputy

22  Kirk *from his deposition* of December 19, 2023, along with other postings

23  regarding the hearing.  See Docket 68-1 through 68-7.  The social media posting,

24  including the screen shot of Defendant Kirk taken from Plaintiffs' counsel's cell

25  phone recording of the suspended deposition, was a clear violation of the Order of

26  this Court.  Despite the Order of the Court, that video is still on Plaintiffs' TikTok

27  page.  Declaration of Janet L. Keuper ("Keuper Dec.") ¶6.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Thereafter, on February 7, 2024, Plaintiffs' counsel filed a Motion for Reconsideration of the ruling of the Court.  [Docket 63]  That motion raised no new arguments or case law and was essentially a request for a different ruling from a different judge.  Opposition to the Motion was filed on behalf of Defendant, Deputy Trevor Kirk, on February 16, 2024.  [Docket 68]  In that Opposition, the direct violations of the Order of the Court were raised.  [Docket 68 and Docket 68-1 through 68-7]  It was requested that the Court deny Plaintiffs' motion and that the Court issue further Orders as are just for violation of the Orders of the Court.

The Court issued its Order on the Motion for Reconsideration on March 8, 2024.  [Docket 76]  The Court denied the Motion on the grounds set forth in the Opposition filed by Defendant Kirk.  The Court further ordered that arguments regarding sanctions are more appropriately addressed to the Magistrate Judge.  [Docket 76]

As of the date of this Motion, the social media postings referenced in the Declaration submitted in Opposition to the Motion for Reconsideration remain active on the social media pages of Plaintiffs' counsel, continuing her violation of the Order of the Court.  Keuper Dec. ¶6.

Defendant, Deputy Trevor Kirk, seeks monetary sanctions against Plaintiffs' counsel for her failed and unsupported Motion for Reconsideration as well as for the direct violation of the Order of the Court.  Defendant also requests an Order that Plaintiff's counsel remove any portion taken from the cell phone recording of the deposition of Defendant Deputy Kirk from her social media page.  Further, it is requested that the Court issue further Orders as are just for the violation of the Order of the Court of January 24, 2024.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   DEFENDANT IS ENTITLED TO MONETARY SANCTIONS ON THE DENIAL OF PLAINTIFFS' RULE 72 MOTION

District courts have routinely awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 37 for fees incurred in responding to a Rule 72(a) objection. See, e.g., Marrocco v. Hill, 291 F.R.D. 586, 590 (D.Nev.2013) (holding "reasonable fees incurred in responding to a Rule 72(a) objection are recoverable under Rule 37(a)(5) (A)"); MAS, Inc. v. Nocheck, LLC, No. 10–13147, 2011 WL 1135367 (E.D.Mich. Mar.28, 2011) (granting the plaintiff's unopposed request for attorneys' fees incurred in responding to the defendant's Rule 72(a) objection because "such fees and costs were 'incurred in making the motion' " under Rule 37); Tourgeman v. Collins Fin. Servs., Inc., No. 08–1392, 2010 WL 4117416 (S.D.Cal. Oct.18, 2010) (overruling the defendant's Rule 72(a) objection and referring the matter to the magistrate judge to award the plaintiff attorneys' fees incurred in connection with the plaintiff's response to the defendant's objection); Catapult Commc'ns Corp. v. Foster, 2009 WL 2707040 (N.D.Ill. Aug.25, 2009) (holding that "under Rule 37, the fees incurred in responding to Defendant's motion for reconsideration are compensable"); Brandon v. D.R. Horton, Inc., No. 07–1256, 2008 WL 2096883 (S.D.Cal. May 16, 2008) (awarding the defendant attorneys' fees incurred in opposing the plaintiff's Rule 72(a) objection). As another district court explained:

If only the original motion to compel were compensable, the fee-shifting provision of Rule 37 would have little effect. A motion for reconsideration that attacks the original motion to compel could cost as much or more than the original motion itself; limiting the fees to the original motion, therefore, would not "deter a party from pressing to a court hearing frivolous requests for or objections to discovery." Fed.R.Civ.P. 37(a (4) advisory committee's note on 1970

Amendments. For that reason, the Court finds that, under Rule 37, the fees incurred in responding to Defendant's motion for reconsideration are compensable.

Catapult, 2009 WL 2707040, *2; see also Marrocco, 291 F.R.D. at 590.

Plaintiffs' motion for reconsideration of the ruling of this Court of January 24, 2024 provided no new law or argument than what was presented to the Court on the original motion.  Plaintiffs were simply seeking a different ruling from a different judicial officer.  Defendant is entitled to sanctions for having to oppose the frivolous motion for reconsideration.

Based on the above, Defendant, Deputy Trevor Kirk, is entitled to an award of monetary sanctions for responding to Plaintiffs' motion for reconsideration.  As set forth in the Declaration of Janet L. Keuper, filed concurrently herewith, the sum of $8,750.00 is requested in monetary sanctions.  Keuper Dec.¶¶ 7, 8, 9.

## IV. THE COURT SHOULD ISSUE FURTHER ORDERS AS ARE JUST FOR THE WILLFUL DISOBEDIENCE OF THE ORDER OF THE COURT

Following the ruling of the Court of January 24, 2024, and in willful disobedience of the Order, Plaintiffs' counsel posted on social media screen shots taken from the cell phone recording she took of the deposition of Deputy Kirk. The Keuper Declaration submitted with the Opposition to the Motion for Reconsideration [Docket 68-1 through 68-7] is attached as Exhibit A to the Declaration submitted concurrently with this Motion.  The social media postings which were active at the time of that Declaration on February 16, 2024, remain active and on the social media of Plaintiffs' counsel as of the date of this Motion. Keuper Dec., ¶¶5, 6.

///

Sanctions should be assessed against Plaintiffs' counsel for the willful disobedience of the Order of the Court, including an Order that Plaintiffs' counsel remove any social media posts which include any screen shots taken from her cell phone recording of the deposition of Deputy Kirk.

## V.   <u>CONCLUSION</u>

Plaintiffs' motion for reconsideration failed to present any new authority to the Court.  The motion was simply an attempt to obtain a different ruling from a different judicial officer.  The Court, in denying the Motion, based its ruling on all of the arguments set forth in the Opposition of Defendant Kirk to the Motion.  Based thereon, monetary sanctions in the sum of $8,750.00, as set forth in the Declaration of Janet L. Keuper filed concurrently herewith, are requested for opposing the motion for reconsideration.

Sanctions are also sought for willful disobedience of the Order of the Court of January 24, 2024, including an Order that all screen shots taken from the cell phone recording by Plaintiffs' counsel of the deposition of Deputy Kirk be removed from the social media pages of Plaintiffs' counsel, and any other Orders that the Court deems just for disobedience of the Order.

Dated:  March 27, 2024          SEKI, NISHIMURA & WATASE, PLC


                                By:   */s/  JANET L. KEUPER*
                                      GILBERT M. NISHIMURA
                                      JANET L. KEUPER
                                      Attorneys for Defendant
                                      DEPUTY TREVOR KIRK