Rickey Ivie (SBN 76864)
Email: rivie@imwlaw.com
Angela M. Powell (SBN 191876)
Email: apowell@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 S. Flower Street, 32nd Floor
Los Angeles, California 90071
Tel: (213) 489-0028
Fax: (213) 489-0552

Attorneys for Defendants,
COUNTY OF LOS ANGELES and SHERIFF ROBERT LUNA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACY HOUSETON and DAMON BARNES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF LOS ANGELES, SHERIFF ROBERT LUNA, DEPUTY TREVOR KIRK, WINCO FOODS, LLC a Delaware Limited Liability Company, and WINCO HOLDINGS, INC., an Idaho Corporation, individually & in their Official Capacities and DOES 1 to 10, Inclusive<br><br>　　　　Defendants. | CASE NO.: 2:23-cv-06887-SVW-MRW<br>[Assigned for All Purposes to: Hon. Stephen V. Wilson/Magistrate Judge Michael R. Wilner]<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS COUNTY OF LOS ANGELES AND SHERIFF ROBERT LUNA'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C)(1); DECLARATION OF ANGELA M. POWELL IN SUPPORT THEREOF**<br><br>**[PROPOSED] ORDER FILED CONCURRENTLY HEREWITH**<br><br>Complaint Filed: August 22, 2023<br>Trial:　　　　　 May 28, 2024 |

**PLEASE TAKE NOTICE** that Defendants County of Los Angeles and Sheriff Robert Luna (collectively referred to as "Defendants") hereby seek *ex parte* relief for a Protective Order pursuant to Rule 26 (c)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). against Plaintiffs' Notice of Deposition of the Person Most Knowledgeable About the Statements of Sheriff Luna Re: Incident as well as a Deposition of the Person

Most Knowledgeable About the Personnel Files of Trevor Kirk and Felipe Alejandre.

*Ex parte* relief is warranted due to the relatively short notice that Plaintiffs' counsel provided for depositions that are either at conflict with a previously issued Protective Order or are objectionable. The protective orders are sought to protect the County of Los Angeles and Sheriff Robert Luna against annoyance and undue burden.

On April 5, 2024, Plaintiff's counsel noticed two depositions for April 16, 2024. These noticed depositions either conflict with the Apex Deposition Protective Order previously issued by Your Honor [Dkt. 83] or are over broad as to time and scope. The Notices at issue are for a Deposition of the Person Most Knowledgeable About the Statements of Sheriff Luna Re: Incident and a Deposition of the Person Most Knowledgeable About the Personnel Files of Trevor Kirk and Felipe Alejandre.

Defendants require a Protective Order pursuant to Rule 26 (c)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") to protect against annoyance and undue burden.

This Application is based on the Memorandum of Points and Authorities; the Declaration of Angela M. Powell, the docket and pleadings in this matter, and such other matters as may be raised at the time of the hearing on this application.

**I.   PLAINTIFFS' COUNSEL'S FAILURE TO RESPOND TO APRIL 8, 2024, REQUEST TO MEET AND CONFER REGARDING NOTICES OF DEPOSITION PER LOCAL RULE 7-3 AND NOTICE OF INTENT TO SEEK TO *EX PARTE* RELIEF**

Regarding both Notices of Deposition, defense counsel sent a letter to Plaintiffs' counsel on April 8, 2024, requesting a conference to meet and confer per Local Rule 7-3. The letter also notified Plaintiffs' counsel of Defendants intent to formally move for a protective order as to each deposition pursuant to Rule 26 (c)(1). The letter also asked Plaintiffs' counsel to formally advise defense counsel by close of business on April 9, 2024, if they would be available to meet and confer on or before April 10, 2024, or if they would agree to take the depositions off-calendar to schedule a video conference with

1  Your Honor. The letter also notified Plaintiffs' counsel that if they did not wish to meet
2  and confer or agree to take the depositions off-calendar and agree to a video conference
3  with Your Honor, Defendants would seek *ex parte* relief for a protective order.
4       The letter is attached as Exhibit "C" to the Declaration of Angela M. Powell and
5  includes the names, addresses, telephone numbers and e-mail addresses for Plaintiffs'
6  counsel.
7       As of the filing of the instant Application and Motion, Plaintiffs' counsel have not
8  responded.

DATED: April 11, 2024

**IVIE McNEILL WYATT
PURCELL & DIGGS**

/s/ *Angela M. Powell*

Rickey Ivie
Angela M. Powell
Attorneys for Defendants
COUNTY OF LOS ANGELES and
SHERIFF ROBERT LUNA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants County of Los Angeles and Sheriff Robert Luna seek an Order pursuant to Rule 26 (c)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). to protect against Plaintiffs' Notice of Deposition of the Person Most Knowledgeable About the Statements of Sheriff Luna Re: Incident and a Deposition of the Person Most Knowledgeable About the Personnel Files of Trevor Kirk and Felipe Alejandre. On Friday, April 5, 2024, Plaintiffs' counsel Caree Harper served Notices of Deposition of the two aforementioned depositions. Declaration of Angela M. Powell ("Powell Decl.")¶¶ 2, 3. These depositions were noticed for April 16, 2024. Defense counsel sent a letter to Ms. Harper and Christian Contreras on April 8, 2024, requesting a conference to meet and confer per Local Rule 7-3. Powell Decl. ¶4. The letter also notified Plaintiffs of defense counsel's intent to formally move for a protective order as to each deposition pursuant to Rule 26 (c)(1). The letter also asked Plaintiffs' counsel to formally advise defense counsel by close of business on April 9, 2024, if they would be available to meet and confer on or before April 10, 2024, or if they would agree take the depositions off-calendar to schedule a video conference with Your Honor. The letter also notified Plaintiffs' counsel that if they did not wish to meet and confer or agree to take the depositions off-calendar and agree to a video conference with Your Honor, defense counsel would seek *ex parte* relief for a protective order.

Plaintiffs' counsel have not responded as of the filing of this Application and Motion.

As discussed below, *ex parte* relief is warranted due to the relatively short notice that Plaintiff's counsel provided for depositions that are either at conflict with a previously issued Protective Order or are objectionable. Defendants require a Protective Order to protect against annoyance and undue burden.

For the reasons stated herein, this Court should issue grant Defendants *Ex Parte* Application for a Protective Order pursuant to Rule 26 (c)(1) of the Federal Rules of Civil

Procedure ("Fed. R. Civ. P.").

## II. RELEVANT FACTUAL BACKGROUND

On June 24, 2023, Plaintiffs Houseton and Barnes went to the WinCo market in Lancaster, California. There was an exchange between Barnes and a WinCo employee, so Houseton decided to return everything she purchased. Houseton then had an exchange with a WinCo security guard. Plaintiffs became aggressive and an argument ensued. Houseton thrusted her shoulder into a store employee and spit in his face. A 9-1-1 call was placed by a WinCo supervisor. The Los Angeles County Sheriff's Department's dispatch operators alerted deputies of a 211 (The Penal Code Section for robbery) at WinCo. Deputies Felipe Alejandre and Trevor Kirk responded to the scene. In the attempt to detain both Plaintiffs, force was used.

## III. RELEVANT PROCEDURAL BACKGROUND

The scheduling of depositions has been a challenge in this case. The rapidly approaching trial date (May 28, 2024) have forced the parties to conduct discovery in an expedited manner. This should foster a spirit of cooperation amongst counsel, unfortunately, it has created an increased burden to this Court to intervene and resolve disputes that counsel should have been able resolve.

Plaintiffs' counsel served a Notice of Deposition Of: The Person Most Knowledgeable About the Statements of Sheriff Luna Re: Incident and a Notice of Deposition Of: The Person Most Knowledgeable About the Personnel Files of Trevor Kirk & Felipe Alejandre. Powell Decl. ¶¶2, 3.

## IV. LEGAL STANDARD

### A. *Ex Parte* Application

The Court has the inherent authority to control its docket and the course of proceedings in a manner that takes into account principles of judicial economy and efficiency, with a view to a fair and just determination of the parties' rights based on the merits of the case. See *Landis v. North American Co.*, 299 U.S. 248 (1936); *Southern California Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002). In *Mission Power*

DEFENDANTS COUNTY OF LOS ANGELES AND SHERIFF ROBERT LUNA'S EX PARTE APPLICATION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C)(1)

-5-

*Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), the Court stated the required showing necessary to justify *ex parte* relief:

> First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.

## V. ARGUMENT

### A. *Ex Parte* Relief Is Warranted

#### 1. Notice of Deposition of: The Person Most Knowledgeable About the Statements of Sheriff Luna Re: Incident

On April 5, 2024, Plaintiffs' counsel Caree Harper served a Notice of Deposition of the Person Most Knowledgeable About the Statements of Sheriff Luna Re: Incident. This deposition was noticed for April 16, 2024.

On March 20, 2024, this Court issued an Apex Deposition Protective Order ("Order") ruling that Sheriff Luna would not be deposed at this stage of the litigation. [Dkt. 83.] Local Rule 72-2.1 states: "Any party objecting under Fed. R. Civ. P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection. Such motion shall be filed within fourteen (14) days of an oral ruling which the Magistrate Judge indicates will not be followed by a ruling, or within fourteen (14) days of service of a written ruling." Since Plaintiffs did not object, this Order still stands.

Plaintiffs now attempt to circumvent the Order by seeking to depose a "Person Most Knowledgeable" about Sheriff Luna's personal comments and statements regarding the June 2023 incident. The deposition notice states: "Defendant Sheriff Luna made multiple public statements about the instant INCIDENT and Plaintiffs are entitled to INFORMATION about what he meant when he made said statements".

DEFENDANTS COUNTY OF LOS ANGELES AND SHERIFF ROBERT LUNA'S EX PARTE APPLICATION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(C)(1)

-6-

Plaintiffs seek information that would be known to Sheriff Luna, in particular, why Sheriff Luna himself personally chose to use specific wording in his remarks. And if Plaintiffs are intimating that an employee of the County of Los Angeles could interview Sheriff Luna as to his word choices and then testify at deposition, then that also would essentially be flouting Judge Wilner's order. That would be unreasonable.

In Your Honor's ruling, this Court found that Sheriff Luna's declaration "convincingly and logically" demonstrates that he (referring to Sheriff Luna) has no relevant firsthand information regarding Deputy Kirk or the incident with Ms. Houseton. Judge Wilner also stated there is no evidence Sheriff Luna has any unique knowledge regarding the hiring/training/disciplinary procedures of line deputies as alleged in the complaint.

And, critically, this Court found, "More particularly, nothing on the face of the sheriff's comments at the post-incident press conference plausibly justifies deposing him in this lawsuit."

Defense counsel sent a request to Plaintiffs' counsel on April 8, 2024, to meet and confer regrading this issue per Local Rule 7-3. Powell Decl. ¶4. Plaintiffs' counsel did not respond.

**2. Notice of Deposition of: The Person Most Knowledgeable about the Personnel Files of Trevor Kirk & Felipe Alejandre**

On April 5, 2024, Plaintiffs' counsel Caree Harper also served a Notice of Deposition of the Person Most Knowledgeable About the Personnel Files of Trevor Kirk and Felipe Alejandre. This deposition was also noticed for April 16, 2024.

As to the personnel file of Deputy Alejandre, this request is over broad as to time and scope. As to the personnel file of Deputy Kirk, this request is also over broad as to time and scope. This information was also sought in Plaintiff Damon Barnes' Request for Production of Documents, Set One, No. 10 as to Deputy Trevor Kirk and No. 11 as to Deputy Felipe Alejandre. Defendant County of Los Angeles provided a substantive response as to Deputy Kirk's personnel file (No. 10) and objected as to Deputy

Alejandre's file. Powell Decl.¶5. The parties met and conferred on April 5, 2024, and had agreed to continue to meet and confer. Defense counsel further suggested the parties schedule a video conference with this Court to try and resolve the parties' dispute as to the scope of the request. Later that day, Plaintiffs' counsel served the aforementioned Notices. Moreover, on April 10, 2024, Plaintiffs' counsel then served a Joint Discovery Motion to Compel concerning this (and other disputes). Powell Decl. ¶5.

Plaintiffs also seek information as to the internal affairs file of this incident. In Defendant's response to Plaintiff Barnes' Request for Production of Documents, Set One, No. 4, Defendant informed that LASD's Internal Affairs Department investigation of this incident was ongoing and objected on that basis. Again, defense counsel reiterated that position when they met and conferred on April 5, 2024. Defense counsel also met and conferred as to Request for Production of Documents, Set One, No. 21 which seeks information related to an officer-involved shooting involving Deputy Kirk. Defense counsel's position is that the request for "ALL DOCUMENTS" is over broad and not proportional to the needs of the case. Likewise, the request for a Person Most Knowledgeable concerning the shooting is over broad and not proportional to the needs of the case. Powell Decl. ¶5.

Defense counsel sent a request to Plaintiff's counsel on April 8, 2024, to meet and confer regarding the deposition notice per Local Rule 7-3. Powell Decl. ¶4. Plaintiffs' counsel did not respond.

### 3. Irreparable Harm

Therefore, *ex parte* relief is warranted due to the relatively short notice that Plaintiff's counsel provided for depositions that are either at conflict with a previously issued Protective Order or are objectionable because they are overbroad as to time and scope.

### B. Good Cause to Issue Protective Order

Good cause exists to issue the Protective Order to protect Defendants against annoyance and undue burden.

## VI. CONCLUSION

For the reasons set forth herein, the Court should grant Defendants *Ex Parte* Order for a Protective Order pursuant to Rule 26 (c)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). against Plaintiffs' Notice of Deposition of the Person Most Knowledgeable About the Statements of Sheriff Luna Re: Incident as well as a Deposition of the Person Most Knowledgeable About the Personnel Files of Trevor Kirk and Felipe Alejandre.

DATED:  April 11, 2024

**IVIE McNEILL WYATT PURCELL & DIGGS**

/s/ *Angela M. Powell*

Rickey Ivie
Angela M. Powell
Attorneys for Defendants
COUNTY OF LOS ANGELES and
SHERIFF ROBERT LUNA