**Tomas A. Guterres, Esq. (State Bar No. 152729)**
**Chandler A. Parker, Esq. (State Bar No. 277902)**
**COLLINS + COLLINS LLP**
**790 E. Colorado Boulevard, Suite 600**
**Pasadena, CA  91101**
**(626) 243-1100 – FAX (626) 243-1111**
**Email:  tguterres@ccllp.law**
**Email: cparker@ccllp.law**

Attorneys For Defendant,
**DEPUTY FELIPE ALEJANDRE**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACY HOUSETON and DAMON BARNES,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>COUNTY OF LOS ANGELES, SHERIFF ROBERT LUNA, DEP. TREVOR KIRK, WINCO FOODS, LLC, a Delaware limited liability, company, and WINCO HOLDINGS, INC., an Idaho corporation, individually<br>and in their official capacities and DOES 1-10, inclusive<br><br>                    Defendants. | CASE NO. 2:23-cv-06887-SVW-MRW<br><br>(Hon. Stephen V. Wilson)<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT BY DEFENDANT DEPUTY FELIPE ALEJANDRE**<br><br>**Action Filed:        August 22, 2023**<br>**Jury Trial:            February 18, 2025**<br><br>**Hearing Date:      February 3, 2025**<br>**Time:                    1:30 p.m.**<br>**Courtroom:          10A** |

**TO  ALL  PARTIES  AND  TO  THEIR  RESPECTIVE  ATTORNEYS  OF RECORD:**

/ / /

/ / /

/ / /

*25994*

**COLLINS + COLLINS** LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA  91101
Phone (626) 243-1100
Fax    (626) 243-1111

**PLEASE TAKE NOTICE** that on **February 3, 2025** at **1:30 p.m.** in **Courtroom 10A** of the above-captioned Court located at **350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, California 90012**, Defendant **FELIPE ALEJANDRE** ("Deputy Alejandre"), by and through his counsel of record, Collins + Collins, LLP, will move the Court for an order granting summary judgment or partial summary judgment in his favor and against Plaintiffs **JACY HOUSETON** and **DAMON BARNES** on the operative complaint filed on April 12, 2024. (Dkt. 108)

This Motion is made pursuant to Federal Rules of Civil Procedure, rule 56 on the grounds that there are no genuine issues as to any material fact and Deputy Alejandre is entitled to judgment as a matter of law.

## I.
## GROUNDS FOR MOTION

Deputy Alejandre's motion is based on the following grounds:

1.     Deputy Alejandre is entitled to summary judgment on Plaintiffs' first, third, fourth, and fifth claims because no reasonable juror could conclude that he used unreasonable force during the incident.

2.     Deputy Alejandre is entitled to summary judgment on Plaintiffs' first claim under 42 U.S.C. § 1983 because no reasonable juror could conclude that he was an integral participant in the alleged use of excessive force by Deputy Kirk.

3.     Deputy Alejandre is entitled to summary judgment on Plaintiffs' first, third, fourth, and fifth claims because no reasonable juror could conclude that he breached a duty to intervene to prevent the use of excessive force.

4.     Deputy Alejandre is entitled to qualified immunity on Plaintiffs' first claim under 42 U.S.C. § 1983.

5.     Deputy Alejandre is entitled to statutory immunity on Plaintiffs' third, fourth, and fifth claims.

6.     Deputy Alejandre is entitled to summary judgment on Plaintiffs' sixth claim for torts in essence because the law already provides a specific remedy.

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA  91101
Phone  (626) 243-1100
Fax     (626) 243-1111

*25994*

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**II.**
**CONFERENCE OF COUNSEL**

In accordance with Local Rule 7-3, counsel for Deputy Alejandre has made multiple efforts to meet and confer with Plaintiffs' counsel of record prior to the filing of this motion, beginning on November 27, 2024. As stated in the declaration by Chandler A. Parker, further efforts to meet and confer would be futile as Plaintiffs counsel have avoided participating in conferences of counsel to prevent dispositive motion practice.

**III.**
**SUPPORT FOR MOTION**

This motion is further based on this Notice, the attached Memorandum of Points and Authorities, the separate statement of uncontroverted facts and compendium of evidence filed concurrently herewith, the records on file in this case, oral arguments, and such other matters as the Court may consider.

DATED: January 6, 2025        COLLINS + COLLINS LLP

By: _____
       CHANDLER A. PARKER
       TOMAS A. GUTERRES
       Attorneys for Defendant,
       **DEPUTY FELIPE ALEJANDRE**

25994

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

3
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

1

2

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................... 9

II.   PROCEDURAL HISTORY ................................................................... 10

III.   STATEMENT OF FACTS .................................................................... 10

   1.   "Robbery Now" Call for Service ................................................. 10

   2.   WinCo Employees Identify Plaintiffs .......................................... 10

   3.   Investigatory Detention ................................................................ 11

   4.   Barnes' Actively Resists Handcuffs ............................................. 11

   5.   Houeston Detained By Deputy Kirk ............................................ 12

   6.   Barnes Resists When Houeston Is Detained ............................... 13

   7.   Barnes Escorted to Patrol Vehicle .............................................. 14

   8.   Post-Incident ................................................................................ 14

IV.   LEGAL STANDARD ON SUMMARY JUDGMENT ....................... 14

V.   ARGUMENT ...................................................................................... 15

   1.   Deputy Alejandre Is Entitled To Summary Judgment On Plaintiffs' First, Third, Fourth and Fifth Claims Because No Reasonable Juror Could Conclude That He Used Unreasonable Force During The Incident ....................................... 15

      i.   The Seizure Was Constitutionally Reasonable ............................. 15

      ii.   The Seizure Was Reasonable Under California Law ................................. 17

   2.   Deputy Alejandre Is Entitled To Summary Judgment On Plaintiff's First Claim Under 42 U.S.C. § 1983 Because No Reasonable Juror Could Conclude That He Was An Integral Participant In The Alleged Use Of Excessive Force By Deputy Kirk ................................................................................ 18

*25994*

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA  91101
Phone  (626) 243-1100
Fax     (626) 243-1111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3.    Deputy Alejandre Is Entitled To Summary Judgment On Plaintiffs' First, Third, Fourth, And Fifth Claims Because No Reasonable Juror Could Conclude That He Failed To Intervene To Prevent The Use Of Excessive Force ................. 19

4.    Deputy Alejandre Is Entitled To Qualified Immunity On Plaintiff's First Claim Under 42 U.S.C. § 1983 ............................................................... 20

  i.    It Was Not Clearly Established That Deputies Lacked An Objectively Reasonable Belief That Criminal Activity Was About To Occur ...................... 21

  ii.    It Was Not Clearly Established That The Degree Of Force Used By Deputy Alejandre In Response To The Perceived Threat Was Excessive Under The Fourth Amendment ..................................................................... 22

  iii.    It Was Not Clearly Established That Deputy Alejandre Had A Duty To Intervene............................................................................................... 22

5.    Deputy Alejandre Is Entitled To Statutory Immunity On Plaintiffs' Third, Fourth, And Fifth Claims ......................................................................... 23

6.    Deputy Alejandre Is In Entitled To Summary Judgment On Plaintiffs' Sixth Claim For Torts In Essence Because The Law Already Provides A Remedy ....... 23

IV.    CONCLUSION.......................................................................................... 24

**COLLINS + COLLINS** LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone  (626) 243-1100
Fax    (626) 243-1111

*25994*

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Anderson v. Liberty Lobby, Inc.*

4

(1986) 477 U.S. 242, 256 ........................................................................ 14

5

*Ashcroft v. al-Kidd*

6

(2011) 563 U.S. 731, 741 ........................................................................ 19

7

*Brosseau v. Haugen*

8

(2004) 543 U.S. 194, 201 ........................................................................ 20

9

*Brown v. Ransweiler*

10

(2009) 171 Cal. App. 4th 516, 527 .......................................................... 16

11

*Chaconas v. JP Morgan Chase Bank*

12

(S.D. Cal. 2010) 713 F. Supp. 2d 1180, 1188-1189 (Hayes, J.); ........... 22

13

*Commercial Union Assur. Co. v. Pacific Gas & Elec. Co.*

14

(1934) 220 Cal. 515, 522 ........................................................................ 16

15

*Coulter v. Baca*

16

(C.D. Cal. Mar. 28, 2014) No. CV136090CBMAGRX, 2014 WL 12589648, at *5

17

.................................................................................................................. 22

18

*Cunningham v. Gates*

19

(9th Cir.2000) 229 F.3d 1271, 1289 ........................................................ 18

20

*Espinosa v. City & Cty. of S.F.*

21

(9th Cir. 2010) 598 F.3d 528, 537 ........................................................... 14

22

*Esteem v. City of Pasadena*

23

(C.D. Cal. Sept. 11, 2007) No. 04-662-GHK (MANx), 2007 WL 4270360, at *23

24

.................................................................................................................. 23

25

*Graham v. Connor*

26

(1989) 490 U.S. 386, 396–97 ................................................................... 15

27

*Heien v. North Carolina*

28

(2014) 574 U.S. 54, 57 ............................................................................. 19

*25994*

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

**COLLINS + COLLINS** LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax    (626) 243-1111

*Hernandez v. City of Pomona*

    (2009) 46 Cal. 4th 501, 514 ............................................................... 16

*Hopkins v. Bonvicino*

    (9th Cir.2009) 573 F.3d 752, 770 ...................................................... 17

*Jones v. Williams*

    (9th Cir.2002) 297 F.3d 930, 935 ...................................................... 17

*Liberal v. Estrada*

    (9th Cir. 2011) 632 F.3d 1064, 1077 ................................................ 19

*Lombardo v. City of St. Louis*

    (2021) 594 U.S. 464, 467 ................................................................... 14

*Longoria v. Pinal Cnty.*

    (9th Cir. 2017) 873 F.3d 699, 704 .................................................... 19

*Malley v. Briggs*

    (1986) 475 U.S. 335, 341 ................................................................... 19

*Maryland v. Garrison*

    (1987) 480 U.S. 79, 87 ....................................................................... 14

*Mullenix v. Luna*

    (2015)  577 U.S. 7, 12 (per curiam) ................................................. 20

*Peck v. Montoya*

    (9th Cir. 2022) 51 F.4th 877, 891 .................................................... 17

*Plumhoff v. Rickard*

    (2014) 572 U.S. 765, 779 ................................................................... 20

*Richardson-Tunnell v. Sch. Ins. Program for Emps.* (SIPE)

    (2007) 157 Cal. App. 4th 1056, 1062 ............................................... 22

*Sharp v. Cnty. of Orange*

    (9th Cir. 2017) 871 F.3d 901, 909 .................................................... 19

*Terry v. Ohio*

    (1968) 392 U.S. 1, 30 ......................................................................... 14

*25994*

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA  91101
Phone  (626) 243-1100
Fax      (626) 243-1111

*United States v. Sokolow*

    (1989) 490 U.S. 1, 7 citing *Terry v. Ohio* (1968) 392 U.S. 1, 30 ............................ 14

**Statutes**

42 U.S.C. § 1983 ............................................................................................. 17

*Civ. Code* § 52.1, subd. (a) ............................................................................ 16

Fed.R.Civ.P. 56(c) .......................................................................................... 13

*25994*

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

**COLLINS + COLLINS** LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA  91101
Phone  (626) 243-1100
Fax     (626) 243-1111

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case arises from a use of force incident on June 24, 2017 in the parking lot of the WinCo grocery store in Lancaster, California. Deputy Alejandre and Deputy Trevor Kirk ("Deputy Kirk") conducted an investigatory detention of Plaintiffs Jacy Houseton ("Houeston") and Damon Barnes ("Barnes") after WinCo employees identified them as robbery suspects. When Barnes showed active physical resistance during the detention, Deputy Alejandre used non-lethal physical control techniques to overcome his resistance and place him in handcuffs. Before Deputy Alejandre escorted Barnes to a patrol vehicle, however, Deputy Kirk was involved in a separate use of force incident with Houseton.  Deputy Alejandre did not see the force Deputy Kirk used against Houseton because he was focused on controlling Barnes and he would not have been able to intervene without jeopardizing the safety of the scene.

As explained below, Deputy Alejandre is entitled to summary judgment because no reasonable juror could conclude the *de minimis* level of force used to overcome Barnes' active physical resistance during a lawful detention was unreasonable based on the undisputed facts. Likewise, no reasonable jury could conclude that Deputy Alejandre was an integral participant in Deputy Kirk's use of force against Houseton. The undisputed facts show that the use of force was completely unplanned and there is no evidence to suggest that Deputy Alejandre formed a plan with Deputy Kirk to use force against Houeston. Nor did Deputy Alejandre have reason to know that detaining Barnes would lead to the later use of force by Deputy Kirk against Houeston.

Plaintiffs' claims also fail to the extent they are predicated on Deputy Alejandre's alleged failure to intercede because there is no evidence to suggest he was aware of the need to intervene when Deputy Kirk used force against Houston. Even if he was aware, the undisputed facts show that he did not have a realistic opportunity to intervene because he was still detaining Barnes and Deputy Kirk was the only other Deputy at the scene.

*25994*

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA  91101
Phone (626) 243-1100
Fax    (626) 243-1111

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

## II.    **PROCEDURAL HISTORY**

On April 12, 2024, Plaintiffs filed the operative first amended complaint naming Deputy Alejandre as a Defendant. (Dkt. 108). The operative complaint alleges claims for: 1) excessive force; 2) *Monell* Allegations; 3) Battery; 4) Negligence; 5) Violations of Bane Act; and 6) Torts-In-Essence. (Dkt. 108). On April 29, 2024, Deputy Alejandre filed a motion to dismiss for failure to state a claim and for lack of prosecution. (Dkt. 140). The Court has not ruled on the motion.

## III.    **STATEMENT OF FACTS**

### 1.    **"Robbery Now" Call for Service**

On June 24, 2023, at approximately 12:17 p.m., a store supervisor from "WinCo Foods" at 740 West Avenue K-4, Lancaster, California, called the Lancaster Sheriff's 911 operator to report that a female Black adult wearing a black sweater and grey legging (later identified as Houseton) and a male Black adult wearing a blue cowboy hat, green shirt and jeans (later identified as Barnes) were assaulting and spitting on the store's loss prevention staff. (Statement of Uncontroverted Facts "FACT") No. 1). As a result, a "211 now robbery" call was initiated. Deputy Alejandre was assigned to handle the call and Deputy Kirk was assigned to assist with the call. (FACT No. 2).

While in route, the call for service was updated with the suspect's descriptions and that the suspects had just exited the front door of the store toward a black Toyota sedan. (FACT No. 3).

### 2.    **WinCo Employees Identify Plaintiffs**

Upon arriving at the scene, Deputy Alejandre drove by the main entrance of the store and saw two (2) WinCo Foods employees. (FACT No. 4). While seated in his patrol car, one of the employees told Deputy Alejandre, *"They spit in the face of another employee."* (FACT No. 4). The second employee pointed at a black Toyota Camry backing out of a handicapped parking stall and stated the people in the vehicle were the people who spit at an employee. (FACT No. 4).

/ / /

*25994*

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

10

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

### 3. Investigatory Detention

Based on this information, Deputy Alejandre initiated a traffic stop of the black Toyota Camry pending a robbery investigation. (FACT No. 5). Once Deputy Alejandre turned on his forward facing red and blue lights, Barnes exited the vehicle through the front passenger seat door with a cake in his hand. (FACT No. 5). Deputy Alejandre, who was standing next to the open driver's door of his patrol car, immediately gave Barnes several commands to place his hands on the hood of his patrol vehicle but Barnes refused and stated that he was not going to do that. (FACT No. 6).

 

*Screenshots from Alejandre's BWC Footage- Exhibit 2*

After several failed attempts to have Barnes place his hands on the hood of his patrol vehicle, Deputy Alejandre ordered Barnes to take a seat on the ground. (FACT No. 7). Barnes again refused to follow orders and stated he was not going to sit on the ground. (FACT No. 7). Deputy Alejandre then advised his assisting unit, Deputy Kirk, through his hand-held radio, that Barnes was uncooperative. Once Deputy Kirk arrived to the scene, Barnes took a seat on a nearby boulder and calmed down a little bit. (FACT No. 8).

### 4. Barnes' Actively Resists Handcuffs

Due to Barnes' passive non-compliance and possibly being a robbery suspect, Deputy Alejandre grabbed Barnes' right hand and Deputy Kirk told Barnes that they were going to conduct a pat down of his person. (FACT No. 9). Deputy Kirk then grabbed Barnes' left arm and placed it behind his back. (FACT No. 9). As Deputy Kirk controlled Barnes' left hand, Deputy Alejandre placed his right arm on Barnes' upper back and gained control of both his arms using a single-wing technique.

25994

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

1
2
3
4
5



6

*Screenshots from Kirk's BWC Footage- Exhibit 3*

7    After Deputy Kirk handcuffed Barnes' right wrist, he suddenly became

8  uncooperative again and demanded to know what he did. (FACT No. 10). The Deputies

9  advised him he was being detained. (FACT No. 10). Suddenly, Deputy Alejandre could

10 start to feel Barnes exhibit active resistance when his arms began to tense up, and he

11 stated, "*I can bust through this*!" (FACT No. 11).

12   Deputy Alejandre maintained control of the Barnes' arms while Deputy Kirk

13 handcuffed his left wrist. During this period, Barnes attempted to break free from

14 Deputy Alejandre's control by pulling his left arm away (*active resistance behavior*),

15 but Deputy Alejandre managed to maintain a firm grip and overcame Barnes'

16 resistance. (FACT No. 12).  Deputy Kirk then handcuffed Barnes' left wrist. (FACT

17 No. 12).

18   **5.    Houeston Detained By Deputy Kirk**

19   After Barnes was handcuffed, Deputy Alejandre saw Houseton standing nearby

20 and he told Deputy Kirk that she was the other robbery suspect. (FACT No. 13).

21
22
23
24
25
26



27

*Screenshots from Kirk's BWC Footage- Exhibit 3*

28

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

1  Deputy Kirk then approached Houseton and attempted to detain her by grabbing

2  her left arm. (FACT No. 14).  Houseton quickly exhibited active resistance when she

3  pulled her hand away from Deputy Kirk's grasp and yelled, "*You can't touch me*."

4  (FACT No. 14). Deputy Kirk then grabbed Houseton's upper body and tried to control

5  her. (FACT No. 14). Plaintiff Houseton immediately became assaultive when she

6  began to take footsteps towards Deputy Kirk as she stated, "*Come on*."

 

*Screenshots from Kirk's BWC Footage- Exhibit 3*

### 6. Barnes Resists When Houeston Is Detained

While Deputy Kirk was detaining Houseton, Deputy Alejandre attempted to

have Barnes sit down on the large rock adjacent to them prevent Barnes from attacking

him or Deputy Kirk. (FACT No. 15). However, Barnes resisted being directed toward

the rock by not lowering his lower body. (FACT No. 15). Deputy Alejandre then

grabbed Barnes' arms and lowered his own body weight in a downward motion to

guide Barnes down to the ground. (FACT No. 15).



*Screenshots from Alejandre's BWC Footage- Exhibit 2*

When Barnes became assaultive by standing up straight and pulling in the

opposite direction, Deputy Alejandre was able to maintain control of Barnes' arms and

performed a takedown that caused Barnes to be seated on a small bush next to the rock.

(FACT No. 16).

*25994*

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA  91101
Phone  (626) 243-1100
Fax     (626) 243-1111

13

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Deputy Alejandre then placed his hands on Barnes' chest area and held him down because he was attempting to get up. (FACT No. 17). Deputy Alejandre then looked toward Deputy Kirk and noticed he was on the ground on top of Houseton. (FACT No. 17). Deputy Alejandre did not witness Deputy Kirk's takedown of Houeston because he was focused on controlling Barnes. (FACT No. 18).

Due to Barnes' uncooperative behavior, Deputy Alejandre decided the safest option was to stay with Barnes. Deputy Alejandre was concerned that Barnes may interfere with Houseton's arrest, try to flee the scene, or trip and fall with his hands handcuffed behind his back. (FACT No. 18).

### 7.   Barnes Escorted to Patrol Vehicle

Once Deputy Kirk handcuffed Houseton, Deputy Alejandre assisted Barnes onto his feet and escorted him to his patrol vehicle without further incident. (FACT No. 19). Deputy Alejandre did not witness Deputy Kirk's use OC spray on Houseton before she was handcuffed. (FACT No. 19).

### 8.   Post-Incident

Any reasonable officer would believe they had reasonable suspicion to detain Plaintiffs. Barnes' active resistance posed an immediate threat of bodily harm and Deputy Alejandre acted appropriately by using less lethal force. (FACT No. 20, 21).

## IV.   LEGAL STANDARD ON SUMMARY JUDGMENT

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. See *Anderson v. Liberty Lobby, Inc.*(1986) 477 U.S. 242, 256. If the moving party satisfies the burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there remains a genuine issue for trial. See *Id.*; Fed.R.Civ.P. 56(e).

*25994*

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA  91101
Phone (626) 243-1100
Fax    (626) 243-1111

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

## V.   ARGUMENT

**1.   Deputy Alejandre Is Entitled To Summary Judgment On Plaintiffs' First, Third, Fourth and Fifth Claims Because No Reasonable Juror Could Conclude That He Used Unreasonable Force During The Incident**

Deputy Alejandre is entitled to summary judgment because the undisputed facts demonstrate that he did not use unreasonable force against Barnes. Likewise, Barnes' detention and arrest were constitutionally reasonable.

### i.   *The Seizure Was Constitutionally Reasonable*

To satisfy the Fourth Amendment's strictures, an investigatory stop by the police may be made only if the officer in question has "a reasonable suspicion supported by articulable facts that criminal activity may be afoot...." *United States v. Sokolow* (1989) 490 U.S. 1, 7 citing *Terry v. Ohio* (1968) 392 U.S. 1, 30. "[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment." *Maryland v. Garrison* (1987) 480 U.S. 79, 87. In general, all claims of excessive force should be analyzed under the objective reasonableness standard of the Fourth Amendment. *Lombardo v. City of St. Louis* (2021) 594 U.S. 464, 467. An analysis of an excessive force claim involves three stages. *Espinosa v. City & Cty. of S.F.* (9th Cir. 2010) 598 F.3d 528, 537. First, the Court will "assess the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted." *Id.* Then, the Court will evaluate the government's interests by assessing the severity of the crime; whether the suspect posed an immediate threat to the officers' or public's safety; and whether the suspect was resisting arrest or attempting to escape. *Id.* Finally, the Court will "balance the gravity of the intrusion on the individual against the government's need for that intrusion." *Id.*; *Graham v. Connor* (1989) 490 U.S. 386, 396–97. The analysis "must embody allowance for the fact that police officers are often forced to make split-second judgments" and the Court does not apply the "20/20 vision of hindsight." *Id.* Not every push or shove, even if it may later seem unnecessary in the

25994

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA  91101
Phone  (626) 243-1100
Fax      (626) 243-1111

15

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

peace of a judge's chambers, violates the Fourth Amendment. *Graham v. Connor*, *Supra*, at 399.

Here, Plaintiffs' initial detention was supported by reasonable suspicion because any reasonable officer would have concluded that they might be involved in criminal activity based on the undisputed facts. It is undisputed that Deputy Alejandre was responding to a "robbery now" call for service and that Plaintiffs matched the description of the two (2) suspects that had reportedly assaulted some WinCo employees. When Deputy Alejandre arrived at the scene, a WinCo employee confirmed an assault occurred and another employee identified Plaintiffs as the perpetrators. When considered in totality, these objective, articulable facts are sufficient to support a particularized suspicion and common-sense judgment that Plaintiffs should be investigated for potential involvement in the reported robbery.

It was also constitutionally reasonable to detain Barnes in handcuffs and conduct a pat down search because it is undisputed that Barnes immediately exhibited passive non-compliance during the initial detention, and he was suspected of committing a violent crime. The undisputed facts further demonstrate that when Deputies attempted to handcuff Barnes, he became both physically and verbally resistant, stating "*I can bust through this!,*" while tensing up his arms. In response, Deputy Alejandre maintained a firm grip on Barnes' arm to place him in handcuffs. There is no evidence to suggest that Deputy Alejandre used unnecessary force to overcome Barnes' resistance or did not have a reasonable basis to conclude that Barnes was resisting. Any reasonable officer under these undisputed facts would have concluded that physical force was necessary and prudent to overcome Barnes' active physical resistance.

Finally, Deputy Alejandre had probable cause to arrest Barnes for resisting under California Penal Code section 148 because the undisputed facts demonstrate that Barnes physically resisted and obstructed Deputy Alejandre during a lawful investigatory detention.

*25994*

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

### ii.    The Seizure Was Reasonable Under California Law

Because Deputy Alejandre's conduct towards Barnes was constitutionally reasonable under the Fourth Amendment, he is also entitled to summary judgment on Plaintiffs' state law claims.

A battery is a counterpart to a federal claim of excessive use of force. *Brown v. Ransweiler* (2009) 171 Cal. App. 4th 516, 527.  In both, a plaintiff must prove that the peace officer's use of force was unreasonable. *Id.* The same consideration of the totality of the circumstances is required in determining reasonableness under California negligence law. *Hernandez v. City of Pomona* (2009) 46 Cal. 4th 501, 514; See *Commercial Union Assur. Co. v. Pacific Gas & Elec. Co.* (1934) 220 Cal. 515, 522 [jury's "duty" in a negligence action is to "determin[e] whether under all the facts and surrounding circumstances," the conduct in question "was that of persons of ordinary prudence and discretion"]. Bane Act liability occurs when a defendant's threats, intimidation or coercion interferes or attempts to interfere "with the exercise or enjoyment by any individual of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." *Civ. Code* § 52.1, subd. (a).

Here, the undisputed facts demonstrate that Deputy Alejandre's detention of Barnes was supported by reasonable suspicion and there was probable cause to arrest Barnes for his physical resistance during the detention. Further, the undisputed facts demonstrate that Deputy Alejandre only used the minimal level of force necessary to overcome Barnes' resistance during the detention. Under such circumstances, no reasonable jury could conclude that Deputy Alejandre committed a battery, was negligent or interfered with Barnes' rights.

/ / /

/ / /

/ / /

/ / /

*25994*

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax    (626) 243-1111

2.     **Deputy Alejandre Is Entitled To Summary Judgment On Plaintiff's First Claim Under 42 U.S.C. § 1983 Because No Reasonable Juror Could Conclude That He Was An Integral Participant In The Alleged Use Of Excessive Force By Deputy Kirk**

Deputy Alejandre is entitled to summary judgment on Plaintiffs' first claim to the extent that it is predicated on the theory that he was an integral participant in an alleged violation of Houeston's Fourth Amendment rights by Deputy Kirk. A police officer who is merely a bystander to his colleagues' conduct cannot be found to have caused any injury. *Hopkins v. Bonvicino* (9th Cir.2009) 573 F.3d 752, 770. Instead, a plaintiff must establish the "integral participation" of the officers in the alleged constitutional violation. *Jones v. Williams* (9th Cir.2002) 297 F.3d 930, 935. Officers are not integral participants simply by the virtue of being present at the scene of an alleged unlawful act. *Jones* at 936. Instead, integral participation requires some fundamental involvement in the conduct that allegedly caused the violation. *Id.* An officer may only be deemed to have been an integral participant in a constitutional violation if (1) the defendant knew about and acquiesced in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation, or (2) the defendant set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury. *Peck v. Montoya* (9th Cir. 2022) 51 F.4th 877, 891.

Here, no reasonable jury could conclude that Deputy Alejandre was an integral participant in a violation of Houeston's constitutional rights. As discussed in Section 1, there was reasonable suspicion to detain Houeston in connection with a robbery investigation. Thus, the mere fact that he directed Deputy Kirk to detain Houeston is not a constitutional violation. Moreover, the record is devoid of any evidence to suggest that Deputy Kirk's use of force against Houeston was a part of a plan with Deputy Alejandre. Indeed, Deputy Kirk arrived at the scene after Deputy Alejandre and there is no evidence to suggest they discussed using force against Houeston before

25994

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

or during the detention. Likewise, there is no evidence to suggest that Deputy Alejandre had reason to know that detaining Houseton and Barnes would lead to a use of force incident between Deputy Kirk against Houeston. The undisputed facts show that the use of force against Houseton was a completely unplanned and spontaneous response to her actions.

> ### 3. Deputy Alejandre Is Entitled To Summary Judgment On Plaintiffs' First, Third, Fourth, And Fifth Claims Because No Reasonable Juror Could Conclude That He Failed To Intervene To Prevent The Use Of Excessive Force

Deputy Alejandre is entitled to summary judgment on Plaintiffs claims which are predicated on the alleged failure to intervene during the use of force incident between Deputy Kirk and Houseton. "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional right of a suspect or other citizen." *Cunningham v. Gates* (9th Cir.2000) 229 F.3d 1271, 1289. This is so, however, only if the officer had "a realistic opportunity" to intercede. *Cunningham* at 1289.

Here, the undisputed facts demonstrate that Deputy Alejandre did not witness Deputy Kirk perform a takedown of Houseton or use OC spray before she was handcuffed because he was focused on controlling Barnes. Assuming, arguendo, that Deputy Alejandre had witnessed Deputy Kirk use force against Houseton and also concluded the force being used was excessive; the undisputed facts also show that he did not have a reasonable opportunity to intercede. At the time of the use of force incident between Houseton and Kirk, Barnes was physically resisting Deputy Alejandre. Although Barnes was in handcuffs, he had not been secured in a patrol vehicle and was still attempting to interfere with the investigation. Under such circumstances, Deputy Alejandre would have had to abandon his detention of Barnes to intercede in the force incident involving Deputy Kirk. Not only would such conduct put both Deputies at risk of harm, but it could also have resulted in physical harm to Barnes. The undisputed facts show that Barnes was handcuffed with his hands behind

*25994*

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA  91101
Phone  (626) 243-1100
Fax     (626) 243-1111

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

his back and was situated in the middle of a busy parking lot. If Barnes had started moving around the parking lot unassisted and tripped, he would not have had the ability to break his fall with his hands. It was not practical, safe, or reasonable for Deputy Alejandre to have intervened in Deputy Kirk's use of force against Houseton when he was the only other Deputy at the scene and was already in the process of detaining Barnes.

### 4.    Deputy Alejandre Is Entitled To Qualified Immunity On Plaintiff's First Claim Under 42 U.S.C. § 1983

Deputy Alejandre is entitled to qualified immunity because his conduct during the incident did not violate clearly established law. Qualified immunity protects officers from reasonable mistakes, whether the mistake be a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Longoria v. Pinal Cnty.* (9th Cir. 2017) 873 F.3d 699, 704; see also *Heien v. North Carolina* (2014) 574 U.S. 54, 57[reasonable mistakes of fact and law do not defeat probable cause]. This is an objective standard. See *Liberal v. Estrada* (9th Cir. 2011) 632 F.3d 1064, 1077 ["an officer's belief in a mistaken fact must be held reasonably and in good faith"]. Qualified immunity is proper unless Plaintiffs establish that (1) the deputies committed a constitutional violation, and (2) the deputies' specific conduct violated "clearly established" federal law. *Sharp v. Cnty. of Orange* (9th Cir. 2017) 871 F.3d 901, 909.

Under the second prong of the inquiry, a constitutional violation is clearly established only if existing law "placed the constitutionality of the officer's conduct 'beyond debate,'" such that "every 'reasonable official would understand that what he is doing' is unlawful." *Ashcroft v. al-Kidd* (2011)563 U.S. 731, 741. "This demanding standard protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs* (1986) 475 U.S. 335, 341. Although "a case directly on point" is not necessarily required, a rule is only clearly established if it has been "settled" by "controlling authority" or "a robust consensus of cases of persuasive authority" that "clearly prohibit[s] the officer's conduct in the particular

25994

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax    (626) 243-1111

circumstances," with "a high degree of specificity." *Id.* at 589–90 (quotations omitted). Importantly, courts may not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Id.* at 590 (quoting *Plumhoff v. Rickard* (2014) 572 U.S. 765, 779.

These guideposts, which the Supreme Court has insistently fixed in many cases, have special relevance in the Fourth Amendment context. See *Mullenix v. Luna* (2015) 577 U.S. 7, 12 (per curiam). Fourth Amendment violations generally, and excessive force claims more specifically, can involve situations "in which the result[s] depend[ ] very much on the facts of each case." *Plumhoff*, 572 U.S. at 779. The often fact-dependent nature of judicial decision-making in this area can make it difficult for officers to know in advance whether their actions will be found unlawful. See *Mullenix*, 577 U.S. at 12. Plaintiffs asserting excessive force claims must thus point to an existing rule that "squarely governs" the facts at issue and that moves the officer's actions outside the "hazy border between excessive and acceptable force." *Brosseau v. Haugen* (2004) 543 U.S. 194, 201.

### i. It Was Not Clearly Established That Deputies Lacked An Objectively Reasonable Belief That Criminal Activity Was About To Occur

To begin, it was not clearly established that the Deputies lacked a reasonable belief that Plaintiffs had been involved in criminal activity. It is well-established that a law enforcement officer may conduct a brief, investigatory detention when there is reasonable articulable suspicion that criminal activity is afoot. Under the qualified immunity framework, and given it is undisputed that the Deputies were responding to an emergent call for service involving an in-progress violent crime, there is no clearly established law that would give this Court cause to second-guess the Deputies' on-the-ground suspicion to detain Plaintiffs after WinCo employees identified them as the robbery suspects. No clearly established law prevented the Deputies from reasonably

*25994*

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA  91101
Phone  (626) 243-1100
Fax    (626) 243-1111

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

believing based on the information provided in the call for service and their visual observations upon arrival to the scene, that Plaintiffs might have committed a crime.

### ii.    It Was Not Clearly Established That The Degree Of Force Used By Deputy Alejandre In Response To The Perceived Threat Was Excessive Under The Fourth Amendment

Here, the general standards for excessive force tell us that the proper uses of force can include the very types of force used here: handcuffing and control holds. See *Alexander v. County of Los Angeles* (9th Cir. 1995) 64 F.3d 1315, 1320. Indeed, the Ninth Circuit has expressly held that "[i]t is well settled that when an officer reasonably believes force is necessary to protect his own safety or the safety of the public, measures used to restrain individuals, such as stopping them at gunpoint and handcuffing them, are reasonable." *Id.* (emphasis added). Because it was not unreasonable for Deputy Alejandre to perceive and suspect the same type of dangerous threat, under *Graham,* it was permissible to use force to restrain Barnes to render the scene safe pending the outcome of the investigation.  The *Graham* standards did not make what Deputy Alejandre chose to do in response Barnes' active physcial resistance "beyond debate" under the Fourth Amendment.

### iii.    It Was Not Clearly Established That Deputy Alejandre Had A Duty To Intervene

Here, there is no authority that imposed a duty on Deputy Alejandre to intervene in another Deputy's use of force against a suspect if doing so would have required him to abandon all physical control and security over a different physically resistive suspect. At the time of the incident, Deputy Alejandre determined that the safest tactical option was to remain with Barnes because he was concerned he may interfere with Houseton's arrest, try to flee the scene, or trip and fall with his hands handcuffed behind his back. There is no authority that places the unconstitutionality of the Deputy Alejandre's decision during this rapidly evolving situation "beyond debate."

/ / /

*25994*

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA  91101
Phone  (626) 243-1100
Fax     (626) 243-1111

22

5.    **Deputy Alejandre Is Entitled To Statutory Immunity On Plaintiffs' Third, Fourth, And Fifth Claims**

Deputy Alejandre is entitled to statutory immunity on Plaintiffs' state law claims to the extent they are predicated on the failure to conduct an adequate investigation. California Government Code section 821.6 provides that "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Investigations are considered to be part of judicial and administrative proceedings for purposes of section 821.6 immunity. *Richardson-Tunnell v. Sch. Ins. Program for Emps.* (SIPE) (2007) 157 Cal. App. 4th 1056, 1062.

Here, the undisputed facts demonstrate that Deputy Alejandre's encounter with Plaintiffs occurred during the course of a robbery investigation while acting within the scope of their employment.

6.    **Deputy Alejandre Is In Entitled To Summary Judgment On Plaintiffs' Sixth Claim For Torts In Essence Because The Law Already Provides A Remedy**

Plaintiffs' sixth claim for "torts in essence" fails as a matter of law because the law already provides a remedy for excessive force and unlawful arrest. A "tort in essence" is the breach of a non-consensual duty owed another. *Coulter v. Baca* (C.D. Cal. Mar. 28, 2014) No. CV136090CBMAGRX, 2014 WL 12589648, at *5. As a general matter, "California courts have applied the doctrine only where a specific civil remedy is unavailable for the violations of statutory duty." *Chaconas v. JP Morgan Chase Bank* (S.D. Cal. 2010) 713 F. Supp. 2d 1180, 1188-1189 (Hayes, J.); see also *Esteem v. City of Pasadena* (C.D. Cal. Sept. 11, 2007) No. 04-662-GHK (MANx), 2007 WL 4270360, at *23 ["[A] tort 'in essence' is superfluous when the law already provides for a tort in substance."].

*25994*

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

COLLINS + COLLINS LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax (626) 243-1111

1   Here, California law already provides Plaintiffs with a civil remedy for claims

2   based on excessive force or unlawful detention. Accordingly, California law already

3   provides for a tort in substance.

4   **IV.    CONCLUSION**

5   Based on the reasons set forth above and the declaration set forth below, Deputy

6   Alejandre respectfully requests an order granting summary judgment or partial

7   summary judgment.

8   DATED: January 6, 2025          COLLINS + COLLINS LLP

9

10                          By: _____

11                              CHANDLER A. PARKER
                                TOMAS A. GUTERRES
12                              Attorneys for Defendant,
                                **DEPUTY FELIPE ALEJANDRE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COLLINS + COLLINS** LLP
790 E. Colorado Boulevard
Suite 600
Pasadena, CA 91101
Phone (626) 243-1100
Fax    (626) 243-1111

25994

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT