UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-06887-SVW-MRW | Date | January 24, 2025 |
| Title | *Jacy Houseton et al. v. Trevor Kirk et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [189]

Before the Court is Defendant Trevor Kirk's ("Defendant") motion for summary judgment of the claims brought by Plaintiff Jacy Houseton ("Plaintiff" or "Houseton"). ECF No. 189. For the following reasons, Defendant's motion is DENIED.

## I. Background

### A. Factual Allegations in Plaintiffs' Complaint

With regard to the facts underlying Defendant's arguments, he does not support his motion for summary judgment with any new evidence. Rather, Defendant cites to Plaintiffs' complaint and summarizes their allegations. The Court will briefly summarize them below for background.

On June 24, 2023, Plaintiff Jacy Houseton ("Houseton") and Plaintiff Damon Barnes ("Barnes") were shopping at a Winco shopping market in Lancaster, California. Defendant's Uncontroverted Facts ("DF") ¶ 3. Barnes purchased a dessert item and left the store to eat that item in the store's parking lot. *Id.* ¶ 4. Meanwhile, Houseton was purchasing some groceries from the store's self-checkout. *Id.* ¶ 5. Barnes returned to the store and rejoined Houseton. *Id.* Barnes and a Winco employee had an unpleasant interaction, which prompted Houseton to decide to return the groceries she had just bought. *Id.* ¶ 6.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06887-SVW-MRW | Date | January 24, 2025 |
|---|---|---|---|
| Title | *Jacy Houseton et al. v. Trevor Kirk et al.* | | |

Houseton was followed by a Winco security guard who eventually bumped into her and put his foot in her path. *Id.* ¶¶ 7, 8. After an exchange of words, Houseton and Barnes left Winco and remained in the parking lot. *Id.* ¶¶ 8-9.

After an unclear series of events, police arrived on the scene. *Id.* ¶ 10. Defendant Deputy Felipe Alejandre ("Alejandre") allegedly falsely arrested Barnes and threw him to the ground. *Id.* ¶ 11. Houseton silently filmed this process on her phone. *Id.* When Defendant Trevor Kirk ("Kirk"), an officer of the Los Angeles County Sheriff's Department, observed that Houseton was recording Barnes' detention by Alejandre, he grabbed Houseton by the neck and threw her to the ground. *Id.* Kirk then placed his knee on Houseton's neck and pepper-sprayed her face. *Id.* Houseton alleges that she sustained a black eye, a fractured bone in her arm, and multiple bruises and scratches because of Kirk's actions. Compl. ¶ 5.

Barnes was cited and released for obstruction of justice. Houseton was charged with felony obstructing an officer. *Id.* at 7:19–21.

**B. Procedural History, Including the Defendant's Request for Admissions**

Plaintiffs filed the present suit on August 22, 2023. ECF No. 1. Plaintiffs alleged various causes of action: (1) a 42 U.S.C. § 1983 claim against Kirk and Alejandre for violating their Fourth Amendment rights, (2) a *Monell* claim against the County and Sheriff Luna, (3) a state law battery claim against Kirk and Alejandre, (4) a negligence claim against Kirk, Alejandre, the County, and Sheriff Luna, and (5) a claim against Kirk and Alejandre for violation of California's Bane Act. First Am. Compl. ¶¶ 17–50, ECF No. 108.

On July 25, 2024, Defendant served Plaintiff with several Requests for Admissions. DF ¶ 16. Specifically, Defendant requested that Plaintiff make the following admissions:

1. Trevor Kirk did not violate Houseton's civil rights at the time of the INCIDENT.
2. Trevor Kirk did not use excessive force on Houseton at the time of the INCIDENT.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06887-SVW-MRW | Date | January 24, 2025 |
|---|---|---|---|
| Title | *Jacy Houseton et al. v. Trevor Kirk et al.* | | |

3. Trevor Kirk did not arrest Houseton at the time of the INCIDENT.
4. Trevor Kirk did not falsely arrest Houseton at the time of the INCIDENT.
5. That Houseton punched Trevor Kirk when he approached her in the WinCo parking lot at the time of the INCIDENT.
6. That deputies were called to the WinCo store at the time of the incident because Houseton was a suspect in a robbery.
7. That Houseton matched the description of the suspects as described by WinCo personnel when law enforcement was called at the time of the INCIDENT.
8. That the use of force by Trevor Kirk was only due to the restrictive conduct of Houseton.
9. That deputies had the right to detain Houseton as a suspect in a robbery at WinCo at the time of the INCIDENT.
10. That Trevor Kirk never touched Plaintiff Barnes.
11. That any actions by Trevor Kirk at the time of the INCIDENT were due solely to Houseton's own conduct.
12. That Trevor Kirk did not batter Houseton at the time of the INCIDENT.
13. That Trevor Kirk was not negligent in his actions toward Houseton at the time of the INCIDENT.
14. That Trevor Kirk did not threaten Houseton at the time of the INCIDENT.
15. That Trevor Kirk did not assault Houseton at the time of the INCIDENT.
16. That Houseton was not injured at the time of the INCIDENT due to any conduct on the part of Trevor Kirk.
17. That any damages Houseton claims to have suffered was due to Houseton's own conduct at the time of the INCIDENT.
18. That Houseton has no basis for seeking punitive damages against Trevor Kirk.
19. That Trevor Kirk did not violate Houseton's Fourth Amendment rights.
20. That Trevor Kirk did not search Houseton at the time of the INCIDENT.

Plaintiff did not respond to the Requests for Admissions within 30 days, which is the required deadline for responding to such discovery requests. DF ¶ 17. Because Plaintiff did not respond within 30

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06887-SVW-MRW | Date | January 24, 2025 |
|---|---|---|---|
| Title | *Jacy Houseton et al. v. Trevor Kirk et al.* | | |

days, each of the above matters was automatically deemed admitted. Fed. R. Civ. P. 36 ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

On November 1, 2024, Defendant moved for summary judgment of Plaintiff's claims on the grounds that Plaintiff's claims could not survive given the above admissions. ECF No. 189. Shortly thereafter, on November 18, 2024, Plaintiff moved for relief from Defendant's Requests for Admissions. ECF No. 195. Magistrate Judge Christensen granted Plaintiff's motion for relief in an oral order on December 18, 2024. ECF No. 210. The Court agrees Judge Christensen and adopts her order.

## II.     Legal Standard

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). "On an issue as to which the nonmoving party will have the burden of proof . . . the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Id.*

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06887-SVW-MRW | Date | January 24, 2025 |
|---|---|---|---|
| Title | *Jacy Houseton et al. v. Trevor Kirk et al.* | | |

material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although a court must draw all inferences from the facts in the non-movant's favor, *id.* at 255, when the non-moving party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, [the] court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. Discussion

Defendant's motion for summary judgment is entirely premised on the matters in his Requests for Admissions being deemed admitted. Those matters, however, are no longer deemed admitted, as the Court granted Plaintiff's motion for relief from Defendant's Requests for Admission. ECF No. 209. Now that those matters are not admitted, Defendant no longer has grounds to move for summary judgment. The Court therefore denies Defendant's motion.

### IV. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is DENIED.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |