Caree Harper SBN 219048
LAW OFFICES OF CAREE HARPER
401 Wilshire Blvd Suite 1200
Santa Monica, CA 90401
Tel.: (213) 386-5078
Email: ch1@attorneyharper.com

Christian Contreras, Esq.(SBN330269)
  CC@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000
Fax: (323) 597-0101

Attorney for Plaintiffs,
JACY HOUSETON, et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACY HOUSETON and DAMON BARNES, individually,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, SHERIFF ROBERT LUNA, DEPUTY TREVOR KIRK, WINCO FOODS, LLC, a Delaware Limited Liability Company, and WINCO HOLDINGS, INC., an Idaho Corporation, individually & in their Official Capacities and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-06887-SVW-SSC<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER STRIKING OR SEALING DKTS. 252 AND 253; MEMORANDUM OF POINTS AND AUTHORITIES** |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs JACY HOUSETON and DAMON BARNES will and hereby do apply ex parte for an order striking or sealing Dkts. 252 and 253 impermissibly filed by DAMON BARNES.

Good cause exists to grant the instant *ex parte* application for the following reasons:

1. Pursuant to this Court's inherent powers to control its own docket, this Court should strike Dkts. 252 and 253. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010);

2. Alternatively, this Court should seal Dkts. 252 and 253 because such filings are being used for improper purposes. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); and

3. Pursuant to *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), the parties will suffer irreparable prejudice given the confidential information disclosed by Plaintiff DAMON BARNES.

This ex parte Application is based on the Complaint, the Memorandum of Points and Authorities below, the argument of counsel, the supporting declaration filed with the Court hereto, and such further evidence as the Court may consider regarding this Application.

Dated: April 7, 2025

LAW OFFICES OF CHRISTIAN CONTRERAS
A PROFESSIONAL LAW CORPORATION

By: _____
Christian Contreras, Esq.
Attorney for Plaintiffs,
JACY HOUSETON, et al.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This is a civil rights action stemming from a Defendants TREVOR KIRK's and FELIPE ALEJANDRE's excessive use of force and a false arrest of Plaintiffs JACY HOUSETON and DAMON BARNES which occurred on June 24, 2023.

On March 10, 2025, a notice of settlement was filed given that this matter settled. *See* Dkt. 249.

On March 12, 2025, this Court issued a Minutes in Chambers Order Moving Case to Inactive Calendar Pending Settlement. As provided in the minutes "[t]he Court, having received the Notice of Settlement, filed March 10, 2025, vacates all previously set dates. The Court moves the matter to the inactive calendar pending finalization of settlement. The parties shall proceed with the settlement as outlined in the notice. Should the settlement not be finalized within the designated time, the parties shall notify the Court, in writing, and request that the matter be restored to the active calendar."

On April 3, 2025, Plaintiff DAMON BARNES, without authorization from his attorneys of records, filed a "motion" and proof of service. *See* Dkts. 252 and 253. Plaintiff BARNES's filings were unauthorized and contain confidential as well highly sensitive information. For example, in Dkt. 252, Plaintiff DAMON BARNES writes in part ". . . 3 million dollar settlement." Dkt. 252, P. 4. Plaintiff DAMON BARNES further writes additional inflammatory and sensitive information which should be stricken from the docket.

As further argued below, pursuant to this Court's inherent powers to control its own docket, this Court should strike Dkts. 252 and 253. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

Alternatively, this Court should seal Dkts. 252 and 253 because such filings are being used for improper purposes. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006); and

1  Finally, pursuant to *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), the parties will suffer irreparable prejudice given the confidential information disclosed by Plaintiff DAMON BARNES.

Therefore, Dkts. 252 and 253 should be stricken from the docket or sealed.

## II.   GOOD CAUSE EXISTS TO GRANT THE APPLICATION

Good cause exists to grant the instant ex parte application for the following reasons:

1. Pursuant to this Court's inherent powers to control its own docket, this Court should strike Dkts. 252 and 253. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010);

2. Alternatively, this Court should seal Dkts. 252 and 253 because such filings are being used for improper purposes. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006); and

3. Pursuant to *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), the parties will suffer irreparable prejudice given the confidential information disclosed by Plaintiff DAMON BARNES.

## III.   MEET AND CONFER CERTIFICATIONS

On Friday, April 4, 2025, Plaintiffs gave ex parte notice of the instant ex parte. Defense counsel for TREVOR KIRK stated that they "agree to strike the settlement amount, we do not take a position on the rest."

## IV.   ARGUMENT

**A. This Court has the Inherent Power to Strike Filings from the Docket.**

"It is well established that 'District [C]ourts have inherent power to control their docket.'" *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998) (alteration in original). Consequently, "District Court[s] have jurisdiction to grant" "motions to strike pursuant to its inherent powers." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). A District Court's inherent powers are mechanisms for "control necessarily vested in courts to manage their own affairs so as

to achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). Even when matters settle, District Courts retain, such does not deprive it of the ability to exercise its inherent powers "necessary to the exercise of all others," including the "power to impose silence, respect, and decorum." *Chambers*, 501 U.S. at 43.

Here, this Court should strike Dkts. 252 and 253 in order to control its own docket. Dkts. 252 and 253 should also be stricken because they contain inflammatory and irrelevant information. Moreover, Plaintiff DAMON BARNES filed Dkts. 252 and 253 without authorization for his attorneys of record. Furthermore, Dkts. 252 and 253 also contain confidential settlement information which cannot be publicly disclosed until the claims board and Board of Supervisors formally approve this matter for settlement. For example, in Dkt. 252, Plaintiff DAMON BARNES writes in part ". . . 3 million dollar settlement." Dkt. 252, P. 4. Plaintiff DAMON BARNES further writes additional inflammatory and sensitive information which should be stricken from the docket.

Accordingly, in order to enforce respect and decorum, this Court should strike Dkts. 252 and 253.

### B. Alternatively, this Court can Seal Dkts. 252 and 253

Alternatively, this Court can seal Dkts. 252 and 253. "In general, 'compelling reasons' sufficient to ... justify sealing court records exist when such 'court files might ... become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Here, Dkts. 252 and 253 are vehicles for improper purposes. The filings by Plaintiff DAMON BARNES contain private spite concerning certain matters and the filings are used for Plaintiff DAMON BARNES's improper objectives.
///

### C. Plaintiffs have Satisfied the Showing Required Under *Mission Power Engineering Co. v. Continental Casualty Co.*

Pursuant to *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), an ex parte application must show why the moving party should be allowed to "go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Engineering Co. v. Continental Cas. Co.* 883 F.Supp. 488, 492 (C.D. Cal. 1995). Furthermore, in *Mission Power Engineering Co. v. Continental Casualty Co.* (1995) 883 F. Supp. 488, 492-93, two things are necessary to support an ex parte application:

"First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.

Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Moreover, "ex parte applications are not intended to save the day for parties who have failed to present requests when they should have."

Here, Plaintiffs will be irreparably prejudiced if the ex parte is not granted because the parties will suffer irreparable prejudice given the sensitive and confidential nature of the filings.

### V.   CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that the instant motion be granted.

Dated: April 7, 2025

**LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**

By: /s/ Christian Contreras
Christian Contreras, Esq.
Attorney for Plaintiffs,
JACY HOUSETON, et al.

4
**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER STRIKING OR SEALING DKTS. 252 AND 253**